## COLE, LEAVITT & CO. v. HOWE.

*Evidence.    Conditional Sale.    Acts of 1872, No. 51.*

In trespass against an officer for a circular saw-mill taken on execution as the prop-
erty of F., it appeared that plaintiffs sold the mill to F. on condition that it was to
remain theirs till paid for.  The contract was evidenced by a paper on which were
written F's three promissory notes, dated October 15th, and at the bottom, a memo-
randum, without date, of the condition on which the sale was made and the notes
given.  Plaintiffs were permitted to show by parol when the notes and memoran-
dum were in fact made, and that the notes were ante-dated October 15th, because
that was the time from which they were to draw interest.  *Held*, admissible.

It further appeared that before plaintiffs sent the mill to F., it was agreed that F.
should take it on trial for thirty or sixty days; that on September 11th he took it
into his possession with plaintiffs' consent, and put it in operation, and continued
to use it until December 21st, when the writing was drawn, and, on the following
day, recorded.  *Held*, that there was no complete delivery within the meaning of
No. 51, Acts of 1872, until the writing was executed, when F. elected to keep the
mill, and that therefore the record was seasonably made.

TRESPASS for a circular saw-mill.   Plea, the general issue, with
notice that defendant took the mill on execution in favor of
George Nichols, from the possession, and as the property, of D.
R. Fisk.   The plaintiffs claimed title to the mill under a condi-
tional contract of sale evidenced by a writing consisting of three
notes, one for $195.07, and two for $195 08 each, signed by said
Fisk, dated October 15, 1871, and made payable to the plaintiffs,
the first on demand, and the two others in six months and one
year respectively, to which was appended a memorandum in these
words : " The above notes are given for one circular saw-mill,
which is to be and remain the property of Cole, Bugbee & Co.
until said notes are paid."   It appeared that said writing was
made on Dec. 21, 1871, and recorded in the town clerk's office
on the 22d.

The plaintiffs offered to prove by John B. D. Leavitt, one of the
plaintiffs, that the notes and contract were ante-dated October 15,
because that was the time from which the notes were to bear in-
terest.   To this testimony the defendant objected, for that the
writing was the best evidence ; but the court admitted it, to
which the defendant excepted.   The witness testified that at some

time prior to September 9, 1871, Cole, Bugbee & Co., who were manufacturing circular saw-mills at Lebanon, N. H., made proposals to said Fisk to sell him a mill for the sum specified in said writing, he to take the mill on trial for thirty or sixty days, but the mill to remain the property of the vendors until paid for ; that on September 9th, the mill was carried to Northfield, where Fisk lived, in the name of the plaintiffs, and on September 11th, taken from the depot by Fisk with the plaintiffs' consent, and put up in Fisk's mill, and there used until December 21, 1871, when Leavitt went to Northfield and procured the writing relied upon to be executed in pursuance of the original agreement. There was no evidence tending to show that either Nichols or the defendant had any knowledge of said contract except what they had learned from what appeared of record ; but it appeared that his attorney drew the contract and knew at that time of its tenor and date and the time of its execution, and that he bought the mill at the sale by the defendant in August, 1875, and procured the defendant to remove it from Fisk's premises.

The defendant contended that the copy of the record of the contract was the best evidence of the terms of the contract, and that parol evidence was not admissible to explain or vary the contract appearing of record ; and that the plaintiffs could not recover, for that Fisk had possession of the mill under the contract more than thirty days before the memorandum was recorded. The court, at the September Term, 1876, REDFIELD, J., presiding, ruled that the written contract was conclusive upon the parties, but that it was permissible to prove by parol when it was in fact executed, or that it was ante-dated for an innocent purpose mutually understood ; to which the defendant excepted.

*George M. Fisk*, for the defendant.
The contract was not seasonably recorded. Acts of 1872, No. 51.
This statute was not made for the benefit of either party to the contract, but for the benefit of attaching creditors and subsequent purchasers ; and when parties make a memorandum and cause it to be recorded, they cannot vary its terms by parol. A certified

Cole, Leavitt & Co. *v.* Howe.

copy of the record, or the original contract, is the only evidence to show the terms of the contract, as between the plaintiffs and this defendant.

The plaintiffs are estopped, as against this defendant, from denying any part of the record. *Sherwin* v. *Bugbee*, 17 Vt. 337; *Adams* v. *Crowell*, 40 Vt. 31; *Cameron* v. *School District*, 42 Vt. 507; *Eddy* v. *Wilson*, 43 Vt. 362.

*Heath & Carleton* and *S. C. Shurtleff*, for the plaintiffs.

The contract of sale was actually made and Fisk became a purchaser, December 21, 1871, and the contract was duly recorded on the following day. Acts of 1870, No. 63.

Parol evidence was properly admitted to show the actual date of the contract, and that the date written was not the actual date; for the time when a contract is made, is no part of the contract itself. Bennett's Vt. Just. 63. Besides, in this case the contract was ante-dated for an innocent purpose mutually understood. Chit. Bills, 170, n.; *Richter* v. *Selin*, 8 S. & R. 425.

The only question is, When was the mill *delivered* to the purchaser with reference to the time the contract was recorded? The date of the contract is important only as indicating the time of delivery. The statute requires a memorandum to be recorded within thirty days after the *delivery* of the property to the purchaser, which may or may not be within thirty days after the date of the contract. Here, the written contract does not purport to give the date of the delivery of the mill, and there is no question before the court as to the admissibility of evidence of the date of delivery.

The opinion of the court was delivered by

ROYCE, J. The only question in this case is, whether the plaintiffs had a lien upon the mill described in their declaration, at the time it was taken by the defendant, which was good as against an attaching creditor. The sale of the mill by the plaintiffs was conditional, and under the Act of 1870, no such sale was valid as against subsequent attaching creditors, unless the vendor of the property should take a written memorandum, signed by the

purchaser, witnessing such lien and the sum due thereon, which memorandum should be recorded in the town clerk's office where the vendee resided, and the record to be made within thirty days after the property was delivered. No question is made but that such a memorandum as is required by that Act, was made and delivered to the plaintiffs. The memorandum is not dated, but the fact is found that it was made the 21st day of December, 1871, and was recorded the next day. It is claimed that it was not recorded within thirty days after the property was delivered. In describing the sum due, which the lien was to secure, the notes given for the property are described as bearing the date of October 15, 1871, and it is assumed in argument that that date must be taken as the date of the memorandum. We do not so regard it. The description given of the notes is no part of the memorandum, except as being descriptive of the sum due; and the time when the memorandum was given must be determined independently of the date of the notes described. The memorandum did not state when the property was sold or delivered, and the evidence which was offered to prove those facts was legally admissible. The evidence did not alter or vary the written contract, but was offered and received to prove facts which the parties had omitted to mention in the memorandum, and which were a part of the transaction evidenced by the memorandum.

Was the record of the memorandum made within thirty days after the delivery of the property? The case finds that the negotiations between the parties for the sale of the mill commenced prior to the 9th of September, 1871, and that the plaintiffs made proposals of a conditional sale of the mill to Fisk at an agreed price, the mill to remain the property of the plaintiffs until the price was paid, Fisk to take the mill on trial for thirty or sixty days, and then to make his election whether to keep it or not. That in pursuance of that arrangement the mill was carried to Northfield on the 9th of September, 1871, in the plaintiffs' name, and on the 11th day of September, 1871, the said Fisk took the mill from the depot with the consent of the plaintiffs, and put it into his mill, and operated it until the 21st of December, 1871, at which time the notes for its price and the memorandum were

given. Fisk then made his election to keep the mill, and there was no completed sale or delivery of the property until that time. The plaintiffs were not divested of their title and right of control over the mill until Fisk had signified his election to keep it, and had performed his part of the contract. Neither did Fisk acquire any attachable interest in the mill until he made his election to keep it, and had done all that was required of him to give him the right to its possession and control. This being so, the record of the memorandum was seasonably made, and the plaintiffs were entitled to the judgment they obtained.

Judgment affirmed.