James F. Bellows *vs.* Edward A. Sowles and Tr.

October Term, 1898.

Present: Ross, C. J., Rowell, Tyler and Thompson, JJ.

Opinion filed February 3, 1899.

*Pleading.*—A declaration in debt on a judgment is not bad for being inappropriately introduced with the words, "in a plea of the case."

*Pleading.*—"Which judgment remains in full force and unsatisfied in part, to wit, for the sum of $8,123.17," is a sufficient allegation that the judgment is unsatisfied.

*Execution—Levy—Satisfaction.*—The mere levy of an execution on lands does not operate as a satisfaction; and an execution is not inadmissible in evidence in an action of debt on the judgment merely because the return shows that such a levy was made and the execution returned unsatisfied.

*Alias Execution.*—An execution which commands the officer to collect "fifty cents for a former writ," shows on its face that it is an *alias.*

*Evidence.*—Inasmuch as the defendant claimed that the judgment had been satisfied by an arrangement between the defendant and the judgment plaintiff, it was proper for the plaintiff to show that the judgment had been assigned to others, the real plaintiffs in this action, with notice to the defendant.

*Exception—Waiver.*—The introduction of evidence by the defendant, after his motion for a judgment had been overruled, was a waiver of his exception to the ruling.

*Exception—Waiver.*—When there is no exception to a finding of fact on the ground that there is no evidence to support it, a judgment based upon that finding is not subject to exception on the ground that the finding makes the judgment too large, especially where the excepting party has chosen to stand by and see an incorrect judgment entered.

DEBT on judgment. General issue, pleas in bar, replication and rejoinder. Trial by court at the March term, 1898, Franklin county, *Munson*, J., presiding. Judgment for plaintiff. Defendant excepted.

*Edward A. Sowles* for the defendant.

*Wilson & Hall, Ballard & Burleson* and *Farrington & Post* for the plaintiff.

THOMPSON, J. (1) The defendant insists that this action cannot be maintained because, as he says, the plaintiff has declared in case instead of debt. As this is an action to recover the amount due on a judgment of the county court, it is true that debt is the proper form of action. Although in the copy of the writ furnished this court, the count begins with the words, "in a plea of the case," yet what follows is a declaration in debt on a judgment, and such misnomer does not change its character, and it is to be held to be what it is in fact, and not what the pleader may have inadvertently called it. *Cogswell* v. *Baldwin*, 15 Vt. 411.

(2) There was no variance between the record of the judgment admitted in evidence and the judgment described in the declaration.

(3) To the admission of the execution issued on the judgment in suit, the defendant excepted on the grounds, that the declaration did not sufficiently allege that the

judgment was unsatisfied, and because the officer's return shows a levy on real estate and no further action upon his part, and because such return is insufficient.

The declaration sufficiently alleges that the judgment was unsatisfied. Its language is, "which judgment remains in full force and unsatisfied in part, to wit, for the sum of $8,123.17." The fact that the return showed a levy on real estate and nothing more, and that the execution was returned unsatisfied, did not render the execution inadmissible. The mere levy of an execution on lands does not operate as a satisfaction of such execution. Freeman on Executions, § 282; 7 Am. & Eng. Ency. Law, 157. There was no error in admitting this execution. Nor was it error to admit in evidence the *alias* execution. It showed on its face that it was such an execution, by the command therein to collect "fifty cents for a former writ." It was also competent to receive the testimony of Wilbur P. Davis, the clerk of the court, to identify this execution.

(4) If it were error, which we do not decide, to admit evidence in respect to the agreement between the plaintiff and Osman F. Bellows to share equally the avails of their respective suits against the defendant, it was harmless error, as it could in no way affect the finding of the court in respect to any fact material to determine the rights of the parties to this suit.

(5) It was admissible to show the assignments, of which defendant had notice, by which Wilson & Hall, Farrington & Post and George A. Ballard, became the real plaintiffs in interest, especially in view of the claim by the defendant that the judgment had been satisfied by an arrangement between him and James F. Bellows, the plaintiff of record.

(6) The introduction of evidence by the defendant, after his motion for a judgment in his favor had been overruled, waived his exception to this ruling. He also contends that his exception to the rendition of final judgment should now be sustained on the ground that the judgment was $1.60

too large. There was no exception to the finding of facts on the ground that they were unsupported by evidence. The final judgment was for the amount named in the finding of facts, which must be taken to be conclusive as to the sum due. Were it conceded that the judgment is $1.60 too large, it would not avail the defendant. A party cannot stand by in the county court and suffer it to enter judgment on what he knows to be an erroneous verdict or finding of facts, and not call the attention of the court to the error in any way so that it may be corrected, and then be heard to impeach the judgment for errors which he knew existed, and which he might have had corrected by calling the attention of the county court to them.  *Wilson* v. *Blake*, 53 Vt. 305.

It having been found that the judgment in suit had not been satisfied as claimed by the defendant, the plaintiff was entitled to a judgment on the facts found.

> *Judgment affirmed and cause remanded to be proceeded with as to trustee.*