W. O. BALDWIN, RECEIVER, v. SPEAR BROTHERS ET AL.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and POWERS, JJ.

Opinion filed May 26, 1906.

*Mechanics' Liens—Requisites of Memorandum Required by V. S. 2273—Effect of Appointing a Receiver of Owner— Sale of Property by Agreement of Receiver and Lienor— Effect.*

Though the person asserting a mechanic's lien should be held to a reasonably strict compliance with the statutory requirements,

reasonable compliance is all that is required, and nicety of form is not essential.

The object of the "written memorandum" required by V. S. 2273 to be filed in the town clerk's office by a person claiming a lien on a building, steam engine, or waterwheel, is to give notice to the owner and persons dealing with the property that it stands charged with the payment of the bills for labor and materials which went into it under such a contract as entitles the claimant to his lien.

Such memorandum need not recite the items of the claimant's account, nor state the terms of the contract pursuant to which the labor was performed or materials furnished, nor whether it was in writing, nor give the date when the job was completed or the pay became due, nor specify what part of the claim is for materials and what part for labor.

A written memorandum under V. S. 2273, signed by the claimant, describing the building into which the labor and materials went and which is sought to be charged, and asserting a lien thereon, and which discloses the amount claimed and that it is for such indebtedness as the statute specifies, the person to whom it is due, the person from whom it is due, and that the latter is the owner of the building, is sufficient.

A charge for extra work done and extra materials furnished by the claimant during the performance of the contract was properly included in the claim and constitutes a valid part of the lien.

The rights of a receiver in the property of the receivership vest as of the date of his appointment, and he takes such property subject to all then valid mechanic's liens thereon.

Where, after a creditor has filed in the town clerk's office the requisite memorandum asserting a valid mechanic's lien on certain real estate, and before further proceedings are had, a receiver of the owner is appointed, the property is thereby placed in the custody of the law, subject to said lien; and the only way the lienor can then properly realize upon the property is by a sale thereof under an order of the chancellor, or by a foreclosure of the lien under the statute, with the consent of the chancellor. Permission granted by the chancellor to join the receiver in a suit to perfect the lien would not authorize a sale of the property.

After defendants had filed in the town clerk's office the requisite memorandum asserting a mechanic's lien on certain real estate, the orator was appointed receiver of the owner. Whereupon defendants, with permission of the chancellor, brought suit against

the receiver and said owner to perfect their lien, and caused said real estate to be attached thereon. Thereupon the receiver procured from the chancellor an order permitting him to sell said property, and directing that two prior mortgages should be paid from the proceeds thereof, but making no reference to defendants' lien; and on the same day defendants entered into a written agreement with the receiver consenting to said sale, agreeing to discharge their lien, and stipulating that the avails of the sale, after paying said mortgages, should be held by the receiver to await the determination of the validity of said lien, and in lieu of the property. Thereupon defendants discharged their lien; the receiver sold the property, and, after paying said mortgages from the proceeds thereof, had a residue which defendants claimed on their lien. *Held*, in a suit brought by the receiver to test the validity of said lien, that, the parties having entered into and fulfilled said agreement in good faith, and to secure a prompt and advantageous disposition of the property, it ought to be upheld, and· defendants' lien on the fund preserved.

APPEAL IN CHANCERY, Chittenden County. Heard at Chambers January 20, 1905, on bill, answer, and master's report, *Haselton,* Chancellor. Decree, "That the expenses of the receiership be first paid out of the funds in the hands of the receiver, and that the balance in his hands be distributed, *pro rata,* among all the creditors of the Hygiene Company." Spear Bros. appealed. The opinion fully states the case.

*H. S. Peck* for the orator, *Charles T. Barney, H. F. Wolcott,* and *L. D. Latham* for the unsecured creditors who were parties defendant.

Spear Brothers have no rights under V. S. 2273, unless they have strictly complied with its requirements. *Piper* v. *Hoyt,* 61 Vt. 539; *McIntosh* v. *Schroeder,* 154 Ill. 520; *Ehdin* v. *Murphy,* 170 Ill. 389; *Buckley* v. *Com'l Nat. Bank,* 171 Ill. 284; *Belanger* v. *Hersy,* 90 Ill. 70; *Crandall* v. *Lyon,* 188 Ill.

86; *Murry* v. *Rapley,* 30 Ark. 568; 19 Am. & Eng. Enc. (2nd Ed.) 24; 20 *Ibid,* 388, 389.

The memorandum should recite the contract under which the lien is claimed, or give the substance of it. It should show when the debt became due, and give a statement of the work performed or materials furnished. 20 Am. & Eng. Enc. 349-416; *Springfield Land Assn.* v. *Ford,* 168 U. S. 513.

The memorandum should show affirmatively that it was filed within the requisite time. *Chappell* v. *Smith,* 40 Neb. 579.

By discharging their lien, Spear Brothers forfeited all rights thereunder. 20 Am. & Eng. Enc. 519; *Kittredge* v. *Freeman,* 48 Vt. 62; *Hutchins* v. *Olcutt,* 4 Vt. 549.

*Powell & Powell* for Spear Brothers.

Courts are reluctant to set aside mechanics' liens. *Montandon* v. *Deas,* 48 Am. Dec. 84; *Shaw* v. *Barnes,* 47 Am. Dec. 399 and note; *Kennedy* v. *House,* 80 Am. Dec. 594.

The agreement between Spear Bros. and the receiver kept the lien alive. It is elementary that a lien will be kept alive where equity requires it, and the parties intended it, and the rights of others have not intervened. *Backer* v. *Pyne,* 30 Am. St. Rep. 234; 19 Am. & Eng. Enc. 34; *Richards* v. *Griffith,* 27 Am. St. Rep. 156; *Goble* v. *Gale,* 41 Am. Dec. 221; *Kilpatrick* v. *Kansas City R. R. Co.,* 41 Am. St. Rep. 761; *Garwood* v. *Eldridge,* 34 Am. Dec. 195; *Belknap* v. *Denison,* 61 Vt. 520; *Howard* v. *Clark & Teachout,* 71 Vt. 427.

The status of creditors is fixed at the date of the appointment of the receiver, and not at the date of the approval of his bond. 5 Thompson, Neg., § 6919; *McCorkle* v. *Herman,* 117 N. Y. 298; *Maynard* v. *Bond,* 67 Mo. 315; *Griffin* v. *Booth,* 152 Ill. 219.

.   POWERS, J.   This is a bill in chancery brought by the receiver of the Hygiene Milk Company to test the validity of a mechanic's lien asserted by the defendant Spear Bros. on certain premises formerly owned by the Milk Company in the city of Burlington.   On or about September 15, 1901, Spear Bros., who were contracters and builders, entered into a written contract with the Milk Company, a corporation, to furnish the materials and erect for the Company on its lot on St. Paul St., a brick block for a specified sum, payable at the completion of the work.   Pursuant to that contract, the firm erected the building, completing the same sometime in February, 1902.   The exact day on which the work was completed does not satisfactorily appear, and it is not material, for it is not denied that the lien was filed within the statutory period of three months thereafter.   Of the contract price, there was due the contractors at the completion of the building the sum of $2,001.00, which included $337.05 for extra work done on the building by the contractors during its erection. On March 14, 1902, Spear Bros., in ignorance of the company's insolvency, but as a precautionary measure and intending thereby to assert a lien on the building and lot on which it stood, filed and caused to be recorded in the office of the city clerk of Burlington, a writing of which the following is a copy:

## MECHANIC'S LIEN.

SPEAR BROS.          City of Burlington, Vermont.
*vs.*                          March 14, 1902.
HYGIENE MILK Co.

KNOW ALL MEN BY THESE PRESENTS:   That we, R. A. Spear and W. O. Spear, comprising the firm of Spear Bros., of Burlington, in the State of Vermont, do hereby assert our

lien under Chapter 109 of the Vermont Statutes, and all sub-
sequent acts of the legislature of the State of Vermont, in
relation to "Liens," for labor performed and materials fur-
nished by us in the erection [and] building of a building for
said Hygiene Milk Co., of the city of Burlington, in said
State of Vermont, upon land of said Hygiene Milk Co.,
situated, bounded and described as follows: The land and
premises situated on the west side of St. Paul Street, con-
veyed by John J. Flynn to said Hygiene Milk Co., deed dated
July 19, 1901, and recorded in Vol. 49, page 81, of the Land
Records of said city of Burlington, to which said deed and the
record thereof [reference] is made in aid of this description,
together with all buildings thereon.  And our said lien is
hereby asserted as aforesaid for the sum of two thousand and
one dollars, justly due and payable by the said Hygiene Milk
Co. to us, the said Spear Bros., for labor and materials done,
performed, furnished and used in the manner aforesaid for
the said Hygiene Milk Co., under a contract or agreement
with us by them made on or about November 1st, 1901, as
per statement or memorandum annexed, in words and figures
as follows:

To amount of bill rendered as per agreement. .$2,001.00

SPEAR BROS.

Witness:                                   Per W. O. Spear.

Gilbert A. Dow.

On the day before this writing was filed, but without
the knowledge of Spear Bros., a creditor of the company
instituted a bill in chancery asking that a receiver of the com-
pany be appointed.  The subpœna attached thereto was dated
March 14, was served on the 15th, and the bill was filed in
the court of chancery on the 17th,—on which date a receiver

was appointed by Chancellor Stafford. The receiver, first appointed declined to serve, and on March 19, the orator was appointed and duly qualified on the same day.

On June 10, 1902, Spear Bros., with leave of the chancellor, brought suit against the Milk Co. and the receiver to perfect their lien, and on the next day, and within three months from the time of filing the memorandum above set out, (the payment of the sum stated being due at the time of such filing), caused said real estate to be attached thereon. That suit is now pending in Chittenden County Court. After that suit was brought, the receiver had an advantageous opportunity to sell the property in question, which was subject to two prior mortgages, and on November 19, 1902, the chancellor signed an order permitting such sale and directing that the two mortgages should be paid out of the proceeds thereof. On the same day, Spear Bros. entered into an agreement with the receiver consenting to such sale, agreeing to discharge their lien and stipulating that the avails of the sale after paying the mortgages should be held by the receiver to await the determination of the validity of such lien, and in lieu of the property. This agreement on the part of Spear Bros. was in writing. On the same day in accordance with their agreement, Spear Bros. discharged their lien in the city clerk's office. The sale was thereupon made, the mortgages paid, and the orator alleges in his bill that he "holds in his hands, in accordance with said agreements with said lienors, such sum of $1,430.54, subject to the final determination of the rights of said lienors as provided in said agreement." This sum represents the avails of the sale of the real estate in question, after paying the mortgages thereon. This bill was filed with leave of the chancellor February 18, 1903.

4

The rights of the receiver in this property vested as of the date of his appointment, and he took the property subject to this mechanic's lien, if valid. High Rec. §§ 136, 138. So the first question in the case arises upon the validity of this lien.

The object of the statute creating mechanic's liens is security. The lien is purely statutory, and if established effects a preference. The person asserting it, therefore, should be held to a reasonably strict compliance with the statutory requirements. *Piper* v. *Hoyt,* 61 Vt. 539, 17 Atl. 798. But the statute is an useful one and should not be so strictly construed as to defeat its purpose, or to render it impossible in the ordinary course of business for one entitled to secure its benefits. A substantial compliance with its terms is all that is required, and nicety of form is not essential. 2 Jones Liens, § 1391. The object of the memorandum required to be filed in the clerk's office is to give notice to the owner and persons dealing with the property that it stands charged with the payment of the bills for labor and materials which went into it under such a contract as entitled the claimant to his lien. In many states the statutory requirements are complicated and perplexing. Ours are plain and simple. An examination of the memorandum here filed discloses: (1) That a lien is asserted; (2) the amount claimed; (3) the person to whom it is due; (4) the person from whom it is due, and that that person is the owner; (5) for what it is due, and that it is for such indebtedness as the statute specifies; (6) the building into which the labor and materials went and which is sought to be charged; and (7) it is signed by the claimant. The requirements of the statute are sufficiently complied with and nothing further is necessary. Phillips Mech. Liens, § 342; *Durling* v. *Gould,*

83 Me. 134; *Cannon* v. *Williams,* 14 Colo. 21; 2 Jones Liens, § 1391.

Various objections to the sufficiency of this memorandum are urged and should be briefly noticed: It is not necessary to specify therein whether the contract was in writing or not. That question is entirely immaterial under the statute. 2 Jones Liens, § 1236. The terms of the contract need not be set forth, since the statute does not so require. The word "memorandum" as used in this statute has no peculiar meaning. The words "a written memorandum signed by him asserting his claim," mean no more than "a writing signed by him asserting his claim." Nor does the use of the word "claim" signify that the particulars of the contract or items of the account are to be set forth. This word obviously refers to the claim of a lien. The date when the job was completed or the pay became due need not appear in the absence of statutory requirement. *Cook* v. *Brick Co.,* 98 Ala. 409; *Doane* v. *Clinton,* 2 Utah 417; Boisot Mech. Liens, § 421. These authorities are in harmony with *Cole, Leavitt & Co.* v. *Howe,* 50 Vt. 35, wherein it is held that the memorandum evidencing a vendor's lien on personal property may be shown by parol to have been filed and recorded within thirty days from the date of the actual delivery of the property. Nor is it necessary that the memorandum in a case like this, at least, should specify what part of the claim was for materials and what part for labor. This would manifestly be impossible where as here the labor and materials were furnished at a lump sum.

The charge for the extra work and materials furnished by the contractors during the performance of their agreement was properly included in the claim and constitutes a valid part of the lien. Though outside the contract, the extras are so

closely connected with it that they are considered a part of it. Boisot Mech. Liens, § 407; Phillips Mech. Liens, 578; 2 Jones Liens, § 1441; *Sontag* v. *Doerge,* 14. Mo. App. 577.

Are Spear Bros. entitled to priority in the funds arising from the sale under the agreement? Proper procedure in that behalf would have required that Spear Bros. apply to the chancellor for an order to the receiver to hold the funds in lieu of the property. The property was in the custody of the law, subject to be sure to a valid lien in favor of this firm, and the only way the property could have been realized upon was by a sale under the order of the chancellor or by the chancellor's consenting to a foreclosure of the lien under the statute. The granting of permission to join the receiver in a suit to perfect the lien would not authorize a sale of the property. Alderson Receivers, 222; *Steel Co.* v. *McElwaine-Richards Co.,* 144 Ind. 614. No more would such permission warrant a foreclosure. The control of the property was in the hands of the chancellor, and when he ordered a sale of it, it was his duty to protect the lien of Spear Bros. out of the funds arising therefrom. Alderson Receivers, 222. When such a lien is thus transferred by order of court and a sale made accordingly, the lien on the funds is preserved. *Mears* v. *Hayden,* 91 Ill. App. 343. The parties here having, in good faith, and to secure a prompt and advantageous disposition of the property, entered into an agreement transferring the lien, such agreement ought to be upheld and the lien on the funds preserved. It is considered, then, that Spear Bros. are entitled to the avails of the sale of the property in question—$1,430.54 —with accrued interest thereon, if any, free of all charges and expenses, by virtue of their lien originally held on the real estate and transferred to said fund by the agreement referred to.

*Decree reversed and cause remanded with mandate to the court of chancery to proceed with the settlement of the estate and distribution of the funds in the hands of the receiver in accordance with the views herein expressed.*