[L. A. No. 4074.    Department Two.—January 24, 1918.]

## HAZARD, GOULD & COMPANY (a Corporation), et al., Respondents, v. R. ROSENBERG et al., Appellants.

MECHANICS' LIENS—CONSTITUTIONAL LAW—BOND OF CONTRACTOR.—Section 1183 of the Code of Civil Procedure requiring a bond does not violate constitutional principles prohibiting the impairment of the right to contract, or provisions forbidding deprivation of property without due process of law, or class legislation.

ID.—APPEAL—HARMLESS ERROR IN FINDINGS.—In an action to foreclose a mechanic's lien, a finding that contractors, designated as a "company," were a copartnership, even if such finding be without the issues raised by the pleadings, is not prejudicial, where the plaintiff is not looking to the contractor's sureties for satisfaction, but only to the premises and to the owner, since in such an action the contractor is not a necessary party.

ID.—FORECLOSURE SUIT — PARTIES — CONTRACTOR NOT A NECESSARY PARTY.—A contractor is not a necessary party to a suit to foreclose a mechanic's lien.

ID.—FORECLOSURE OF LIEN—PARTIES—MISNOMER.—A mistake in naming a contractor in a claim of lien is immaterial unless the misnomer misled the owner to his prejudice.

EVIDENCE—PARTNERSHIP CERTIFICATE—ORIGINAL OR CERTIFIED COPY.—Under subdivision 6 of section 1918 of the Code of Civil Procedure, the original certificate from the county clerk's files, giving the names of the persons composing a partnership named as a company is admissible in evidence, and there is no merit in the contention that a certified copy is the only evidence.

ID.—HEARSAY.—Hearsay evidence as to the names of the persons composing a partnership is properly excluded.

AGENCY—EVIDENCE.—The agency of an individual for a partnership was properly shown by evidence that one who contracted with the partnership transacted that business with the individual whose authority was in question, that the same individual signed a contract for the erection of a building as manager of the partnership, that he signed checks for the payment of the men employed by the partnership, and that he managed the business and ordered all the material for use on the same building.

APPEALS from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Sam Ferry Smith, for Appellants.

Johnson & Ryan, M. H. Fleming, A. H. Sweet, Hamilton & Lindley, Luce & Luce, J. H. Shankland, and Chas. H. Forward, for Respondents.

MELVIN, J.—Actions to enforce six several mechanics' liens were consolidated. The property against which the liens were sought was owned by appellants Rosenberg and Calkins. The National Surety Company was sued upon a contractor's bond given by the Chaffey Concrete Construction Company, under the provisions of section 1183 of the Code of Civil Procedure, to protect Rosenberg and Calkins against liens for labor or materials. One of the lien claimants was nonsuited and is not a party to this appeal. The others were given judgments against the property owners and a personal judgment against the surety upon the contractor's bond. After the appeal was perfected and the bill of exceptions was settled, but before the transcript was printed, a new trial was granted as to the entire claim of the Chas. R. McCormick Lumber Company, as to the claim of Hazard, Gould & Company, as to that of the California Portland Cement Company, and as to the judgment in favor of Hazard, Gould & Company rendered against appellant National Surety Company. The motion was denied as to all other claimants. From the judgment and from the order denying the motion for a new trial Rosenberg and Calkins and the National Surety Company have appealed.

Appellants rely upon nine specified alleged errors, the first six of which, they assert, are applicable to all of the lien claims and the others to particular ones. The first four of these allegations of error are attacks upon section 1183 of the Code of Civil Procedure, as amended in 1911, upon the grounds (1) that it is unconstitutional and void; (2) that it impairs the right of contract and consequently deprives one of property without due process of law; (3) that the section is an instance of an attempt to enact prohibited class legislation, and (4) that it deprives the surety of property without due process by placing upon it a legal obligation for which it never contracted. and, if enforced, would take from both owners and surety inherent and inalienable rights upon which the legislature has no right to encroach. All of these objec-

tions have been considered and decided adversely to the contention of appellants in the recent case of *Roystone Company* v. *Darling,* 171 Cal. 526, [154 Pac. 15], which was followed in the very late case of *Hollenbeck-Bush Planing Mill Co.* v. *Amweg, ante,* p. 159, [170 Pac. 148]. Upon the authority of those two decisions the objections to the section in question are found to be of no force.

In one of the findings attacked, the court declared that during all of the times mentioned in all of the complaints and cross-complaints the Chaffey Concrete Construction Company was a copartnership composed of E. C. Chaffey and N. M. Parker. Appellants say that Chaffey Concrete Construction Company was not a defendant in the complaints of Hazard, Gould & Company, and San Diego Lumber Company, but Chaffey and Parker were named individually in those pleadings although some attempt was made to state a cause of action against some sort of copartnership but the Chaffey Construction Company as such partnership or entity was not made a party to the action. In the amended cross-complaint of J. S. Schirm, reference is made to "said defendant to cross-complaint Chaffey Concrete Construction Company" as a copartnership composed of M. N. Parker and E. C. Chaffey, but the difficulty is, according to appellant, that the Concrete Company was not a defendant in the action. Moreover, say counsel for appellants, this cross-complaint names an entirely new partner, i. e., M. N. Parker. The contention is that as the Chaffey Concrete Construction Company, as an entity, was not a party to the action, and as there was no allegation of such copartnership as a fact, the finding is without the issues and is prejudicially erroneous. The error, if it be one, is not material, so far as respondent Hazard, Gould & Company is concerned. That respondent is not looking to the sureties for satisfaction of the judgment, but to the premises and to the owners. But it is not material in any aspect of the case. A contractor is not a necessary party in a suit to foreclose a mechanic's lien. (*Green* v. *Clifford,* 94 Cal. 49, [29 Pac. 331]; *Yancy* v. *Morton,* 94 Cal. 558, [29 Pac. 1111].) It has also been held in this state that a mistake in naming the contractor in a claim of lien is immaterial unless the misnomer misled the owner to his prejudice (*Tibbetts* v. *Moore,* 23 Cal. 208. See, also, *First Presbyterian Church of Hutchinson* v. *Santry & Co.,* 52 Kan. 462, [34 Pac. 974]). It appears that

the owners dealt only with the Chaffey Concrete Construction Company as the contractor erecting the building, and that was the entity named in the contract. The original certificate that the so-called "company" was a partnership, and giving the names of the copartners, was produced from the files of the county clerk's office and read into the record. This was proper (Code Civ. Proc., subd. 6, sec. 1918), and there is no merit in the contention that a certified copy would have been the only admissible evidence upon the subject. It is obvious from the record that the owners and the Surety Company were not, nor was any one of them, misled by any error or informality in the finding which is attacked. It sufficiently appears that to whomsoever the lien claimants furnished materials and labor, that was the person or entity who was acting with the knowledge and consent of the owners.

Appellant National Surety Company makes the assertion by its counsel that it offered to show by the testimony of Earl A. Garretson, its agent in San Diego, that the Chaffey Concrete Construction Company, for which the bond was issued, was a copartnership composed of A. E. and E. C. Chaffey, but that the proffered testimony was rejected by the court. The proffered testimony was purely hearsay and was properly excluded from the record. Besides, the statement regarding the personnel of the copartnership which the witness was not allowed to make, was based, he said, upon a writing which was not offered in evidence. If he had such writing (and it appears from his own statement that it had been filed with his company) his oral declarations regarding its contents were clearly not the best evidence.

The finding that certain of the plaintiffs furnished materials to the copartnership acting by A. E. Chaffey, as agent, meets with objection on the part of appellants on the ground that the evidence did not even tend to support the court's conclusion respecting agency. It is asserted in the brief of appellants that all of the testimony regarding agency was made up of declarations of the alleged agent himself regarding his asserted authority to bind the copartnership. But Mr. Rosenberg, one of the owners of the real property, testified that A. E. Chaffey, as manager of the Chaffey Concrete Construction Company, signed the contract for the construction of the building and that the witness dealt with Mr. Chaffey as such manager. Mr. A. E. Chaffey, according to

the witness, always acted as manager.  The representative ·of Hazard, Gould & Company, testified that he entered into a contract with the Chaffey Company, transacting the business with Mr. A. E. Chaffey.  There was further testimony to the effect that A. E. Chaffey signed the checks for the payment of the men employed by the copartnership, and there was a further statement of a witness that Mr. A. E'. Chaffey managed the business and ordered all of the material for use on the building of Rosenberg and Calkins.  There was abundant evidence of circumstances showing agency—a fact that may be proved in this manner.  (*Puget Sound Lumber Co.* v. *Krug,* 89 Cal. 237, [26 Pac. 902] ; *Bergtholdt* v. *Porter Bros. Co.,* 114 Cal. 681, [46 Pac. 738] ; *Reid* v. *Clay,* 134 Cal. 207, [66 Pac. 262].)

Certain items in the claim of lien of Hazard, Gould & Company met with objections, and the court reserved its rulings upon said objections and never did rule upon them.  Appellants say that they were injured by the court's neglect to pass upon the objections so interposed by them, but this is denied by respondents, who invoke section 4½ of article VI of the constitution of California.  The items were one-third of a dozen long-handled square point Imperial shovels, six No. 54 concrete wheelbarrows, six feet of three-foot half-inch mesh hardware cloth and 3,835 square feet, 4x12, three-eighths Clinton fabric.  It appears from the record that while witness Warren Miller was testifying he enumerated certain materials which, according to the theory of Hazard, Gould & Company, were properly charged to the owners of the property.  Objections were made to some of these charges upon the ground that they represented material not used in the construction of the building.  After discussion by counsel, indicated but not reproduced in the ·transcript, counsel for defendants himself proposed that the court reserve its ruling "until," as he said, "we get through the entire bill of particulars."  Later, Mr. Miller testified that "there is a large amount of this stuff that was credited back at the time of filing the lien," and among the commodities so credited were, as he testified, the one-third ·dozen Imperial shovels and the six No. 54 concrete barrows.  There was no contradiction of this testimony, and it completely neutralized the former'statement regarding the charges for these articles in the books of the lien claimant. No ruling on the objection was necessary.  The other items,

namely, the "six feet of 3 foot ½ inch mesh hardware cloth" and "3,835 square feet of 4x12, ⅜ Clinton fabric" went into the construction of the reinforced concrete building. The failure to rule favorably to defendants upon the objections to these items was without injury to them.

The court did not err in finding in favor of San Diego Lumber Company. Popenoe, one of the men employed by the Chaffey Company, was asked regarding a list of materials contained in a writing called "San Diego Lumber Company's Exhibits 1 and 2." He testified that all of the lumber there specified was actually received and used on the building. Appellants now complain that these slips were not read into the record, but they did not object at the time to that omission. Other witnesses told of the value of the lumber and that there were two loads, their testimony giving substantial support to the finding now attacked.

And, finally, the court is charged with error in finding in favor of respondent J. S. Schirm. This specification is based upon the fact that in the finding one of the copartners in the Chaffey Concrete Construction Company is described as "N. M. Parker," while in J. S. Schirm's claim of lien the name of one of the said copartners appears as "M. N. Parker." This objection is utterly destitute of merit and is completely answered by the authorities cited herein to the effect that misnomer of the contractor in the claim of lien is harmless unless some one is misled thereby to his injury.

The judgment and order are affirmed.

Victor E. Shaw, J., pro tem., and Wilbur, J., concurred.