HARRY C. GOODRO *v.* WILLIAM J. TARKEY.

October Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 4, 1941.

*John T. Conley* for defendant.

*Charles O. Adams* for plaintiff.

BUTTLES, J.   This is an action brought under P. L. 2687, as amended, for the purpose of perfecting a mechanic's lien, so-called, upon a building and lot of land belonging to the defend-

ant for materials furnished and labor performed in the construction of said building. The defendant demurred to the declaration, the demurrer was overruled, exceptions allowed, and the cause passed to this Court, in accordance with the provision of P. L. 2072, before final judgment.

From the allegations of the declaration, admitted by the demurrer, it appears that the building in question was erected by Burdo and Boyd, a partnership of which the members were nonresidents of Vermont, pursuant to a contract made by the defendant herein with said Burdo and Boyd; that labor and materials to the value of more than fifteen dollars for which the plaintiff makes claim were ordered by Burdo and Boyd and furnished to them by the plaintiff, and that such labor and materials were used by Burdo and Boyd in constructing the building owned by the defendant upon which a lien is claimed. It further appears that the notice required by P. L. 2685 that a lien would be claimed had been duly given to the defendant, and that a written memorandum signed by the plaintiff asserting his claim had been filed in the town clerk's office as required by P. L. 2686.

Although mechanics' liens were clearly defined and regulated in the civil law, they were neither recognized at common law nor allowed in equity. Therefore, in this country the right to acquire and enforce such liens is a creature of and dependent on statute. 36 Am. Jur. 19; *Baldwin, Rec.* v. *Spear Bros. et al.,* 79 Vt. 43, 50, 64 Atl. 235. The statutes of no two states are alike. Jones on Liens, Vol. 2, p. 179, Sec. 1186. Such is the diversity in the various statutes governing the perfecting and enforcing of such liens that decisions in one jurisdiction are usually of little or no value as precedents in another jurisdiction. Furthermore the right to a lien in favor of a person performing labor or furnishing materials by virtue of a contract or agreement with an agent, contractor or subcontractor of the owner of the property to be affected was not given by our statute until the same was amended by No. 37 of the Acts of 1896. But neither by that act nor by subsequent legislation has the procedure to be followed in such a case been differentiated from that to be followed when the lien claimant has contracted directly with the owner of the property. For that reason our earlier decisions are not always applicable to controversies arising, as does this one, under the amendment to our law above referred to.

The grounds of the demurrer are, in brief, that this proceeding is an action in contract and no contract between the parties is alleged; that the mechanics' lien law does not give a right of action under P. L. 2687 as amended against any person with whom the lien claimant has not contracted; that Burdo and Boyd, the contractors with whom the plaintiff contracted, are necessary and indispensable parties to an action under the mechanics' lien law and that such contractors have not been made parties to this action or notified of its pendency; and that the plaintiff seeks a personal judgment against the defendant and is not entitled thereto upon the facts set forth in the declaration.

P. L. 2687, as amended, so far as here material provides that "Within three months from the time of filing such memorandum, if such payment is due at the time of such filing, * * * said person (the lien claimant) may commence his action for the same, and cause such real estate or other property to be attached thereon; and, if he obtains judgment in the action, the record of such judgment shall contain a brief statement of the contract upon which the same is founded." Apparently the demurrer does not question but that the proceeding contemplated by this section is an action at law. That such is the intention of the statute is indicated by the fact that a judgment may be obtained as a result thereof and that an attachment of property is to be made as an incident to the proceeding. In mechanics' lien cases which have come to this Court on other questions the proceeding under this section or similar prior sections has always been, so far as appears, an action at law, and has not been challenged for that reason. See *Hinckley & Egery Iron Co.* v. *James et al.*, 51 Vt. 240; *Piper* v. *Hoyt*, 61 Vt. 539, 17 Atl. 798; *Baldwin, Rec.* v. *Spear Bros. et al.*, 79 Vt. 43, 49, 64 Atl. 235. It is true that plaintiff's writ terms the proceeding an action in contract, but the declaration states that it is brought pursuant to P. L. 2687 and it contains all the averments necessary to constitute an action thereunder. It is to be held to be what in fact it is—an action on that statute—regardless of what the pleader may have called it. *Bellows* v. *Sowles*, 71 Vt. 214, 215, 44 Atl. 68; *City of Newport* v. *Lindsay*, 106 Vt. 201, 203, 170 Atl. 676.

Does the plaintiff by this action seek a personal judgment against the defendant? It is not the ordinary action of a creditor against his debtor, but is a special action which the law

makes a necessary step in the enforcement of a lien—in this case a lien under Subdivision II of Section 2685 which originated with the Act of 1896 and is against property of a person other than the plaintiff's debtor. As a step in such enforcement its purpose must be to determine the amount due the plaintiff which is to be secured by the lien. Attachment of the property upon which the lien is claimed is therefore made a necessary incident to the action, and the time within which the action must be commenced is determined by the date on which the attachment is made. *Piper* v. *Hoyt,* 61 Vt. 539, 540, 17 Atl. 798. If the plaintiff obtains judgment the record thereof must contain a brief statement of the contract upon which it is founded. There is no provision for the issuance of execution on the judgment and the only way in which the plaintiff can avail himself thereof, under the lien law, is by causing a certified copy of such record to be recorded in the office of the clerk of the town in which the property to be affected is situated. Thereupon such property becomes holden for the amount due on such judgment with costs of such copy and recording the same, as if it had been mortgaged for the payment thereof, and the plaintiff may obtain possession and foreclose the defendant's equity of redemption. P. L. 2686 as amended.

■ That this section provides for foreclosure of the *defendant's* equity of redemption indicates that the defendant must be the person who owned the property. Section 2689 providing, in effect, that when the owner of real estate dies after a lien has been recorded, or pending an action against him to enforce a lien on such real estate the action shall survive and proceed against the representative of the deceased defendant also indicates that the action provided for by Section 2687 is to be brought against the owner of the property.

■ From the foregoing considerations we conclude that the plaintiff's action is such a one as is authorized and directed by P. L. 2687; that a personal judgment could not be had therein unless it ceased to be an action under that section; but it is an action *quasi in rem,* which could result only in a judgment affecting the liability of the particular property, and operating only as between the particular parties to the proceeding. 1 Am. Jur. 437, Sec. 46; *Freeman* v. *Alderson,* 119 U. S. 185, 30 L. Ed. 372, 7 Sup. Ct. 165, 166; *Perry* v. *Young,* 133 Tenn. 522, 182

S. W. 577, L. R. A. 1917B 385, 387.  See, also, *Woodruff* v. *Taylor*, 20 Vt. 65; *Nat'l Bank of St. Johnsbury* v. *Peabody & Co.*, 55 Vt. 492, 45 Am. Rep. 632; *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565.

█ Since the form of an action may be the same regardless of whether it seeks a judgment *in personam* or *in rem*, (*Woodruff* v. *Taylor, supra; Nat'l Bank of St. Johnsbury* v. *Peabody & Co., supra*) what we have said above does not contradict the holding in *Piper* v. *Hoyt, supra*, to the effect that a lien claimant who was in privity with the owner of the property—as he had to be under the then existing law—and who failed to meet a requirement of the lien law in bringing his action might obtain a personal judgment therein, but the action would be ineffective for the purpose of enforcing the lien.

█ It follows from what has been said that Burdo and Boyd, having no title to or interest in the property affected, are not necessary or indispensable parties to the action, and that neither their liability to the plaintiff nor their rights as against the defendant are fixed thereby. P. L. 2687, as amended, gives a right in all cases to proceed against the property and the owner thereof, who may be and in this case was a person with whom the plaintiff had not contracted.

A considerable number of cases may be found from other jurisdictions in which it is held that the contractor to whom materials have been sold and delivered is a necessary or indispensable party to the material man's proceeding to enforce his lien against the property.  In many of these cases the statute requires that he be made a party, and in all of them it is probably safe to say that the law and the procedure thereunder differ more or less from ours.  Among cases which seem to be in harmony with the conclusion that we have reached, although under laws and procedure somewhat different from ours may be cited the following: *Caltrider* v. *Isberg et al.*, 148 Md. 657, 130 Atl. 53; *Hubbard et al.* v. *Moore*, 132 Ind. 178, 31 N. E. 534; *Clark et al.* v. *Huey et al.*, (Ind. App.) 36 N. E. 52; *Hunt* v. *Darling*, 26 R. I. 480, 59 Atl. 398; 69 L. R. A. 497; *Hand Mfg. Co.* v. *Marks*, 36 Ore. 523, 52 Pac. 512, 53 Pac. 1072, 59 Pac. 549; *Burgi* v. *Rodgers*, 20 S. D. 646, 108 N. W. 253; *Hazard, Gould & Co.* v. *Rosenberg*, 177 Cal. 295, 170 Pac. 612; *Brace & Hergert Mill Co.* v. *Burbank*, 87 Wash. 356, 151 Pac. 803, Ann. Cas. 1917E 739.

There was no error in the overruling of the defendant's demurrer.

*Judgment affirmed and cause remanded.*