## J. C. & W. G. PIPER v. CALEB S. HOYT.

*Mechanic's Lien. Attachment to Perfect.*

1. In perfecting a mechanic's lien under the statute, the property must be actually attached within the three months. It is not enough that the suit be begun.

2. When a contract for work does not specify the time of payment, the presumption is that the compensation will fall due upon the completion of the work.

3. The work was completed May 5th. The memorandum was filed August 1st. The writ was dated October 25th, and served November 7th. No time for payment was fixed by the contract. *Held,* that the property did not stand charged with the lien.

This was a suit in assumpsit to recover the amount due for work done on the house and barn of the defendant, and perfect a mechanic's lien for the same. Heard at the May Term, 1888, Ross, J., presiding, on referee's report. The court rendered judgment in favor of the plaintiffs for the amount reported, but refused to charge the same as a mechanic's lien. To that part of the judgment vacating the operation of the lien the plaintiffs excepted.

The report found that the plaintiffs agreed to do certain work for the defendant on his house and barn, for a stipulated sum, and that they completed the job, according to the contract, May 5, 1887. The report did not show when the amount agreed upon for the work was to be paid. On the 1st day of August, 1887, the plaintiffs filed in the town clerk's office of Hartford, where said property was situate, "a mechanic's lien upon said buildings and the lot of land on which the same stand, with a written memorandum signed by them asserting such lien, which was within time to perfect their lien for their labor; and the plaintiffs prayed out the writ in this cause October 25, 1887, and the

same was served on the 7th of November, 1887, attaching said real estate, all which was in time to preserve said lien by force of the statute."

*S. E. Pingree,* for the plaintiff.

*S. M. Pingree,* for the defendant.

The opinion of the court was delivered by

VEAZEY, J. When a person has seasonably filed a mechanics' lien, under R. L. s. 1983, he must, in order to make it available to him, in the nature of a mortgage, follow it up by taking the steps provided in the next section. The lienor must, within three months from the time of filing his written memorandum asserting his claim, if the payment is due at the time of filing the same, and within three months from the time such payment becomes due, if it is not due at the time of such filing, commence his action on his claim and cause the property to be attached thereon. The commencement of the action by issuing the writ within three months is not sufficient, but the property on which the lien was asserted must also be attached. This is plain from the language of the statute, and reason sustains this view. The mechanic's lien enactment provides a special remedy in favor of a particular person or class of persons. One step is the taking out of a writ, but that in itself is not special. It could have been done as well without this statute, in common with other creditors. The object of the statute is security, and the effect is a preference. The favored creditor should, therefore, be held to a reasonably strict compliance.

In this case the attachment was more than three months after the lien was filed. If, therefore, the debt was due when the lien was filed, the attachment was too late to preserve the lien. The auditor does not state in terms when the debt was due; but, after giving the dates of filing the memorandum in assertion of the plaintiff's claim in the town clerk's office, and the date of issuing the writ and of the attachment, he says: "All which was in time to preserve said lien by force of the statute." If

Piper *v.* Hoyt.

that is equivalent to a statement that the attachment was within the three months specified in the statutes referred to, it constitutes the finding of a fact conclusive in the plaintiffs' favor. But we do not think it can be so taken in view of his other findings. He says that the contract was that the plaintiffs should finish all the wood-work on the house and barn at a price specified, and that they finished the job May 5th, but there is no finding as to when they were to be paid. We therefore think that the ordinary rule applies, that payment was to become due when the job was done. It was, therefore, due when and indeed long before the lien was filed, which was August 1st. From that time to the date of the attachment, November 7th, it was more than three months. The statement of the auditor that it was in time to preserve the lien must be taken as a conclusion of law upon the theory that the attachment after three months would be seasonable if it was on a writ taken out before, and not the finding of a fact that the attachment was within three months after payment became due.

*There was therefore no error in the ruling of the County Court, and judgment is affirmed.*