MOREHART v. A. B. BEELER LUMBER COMPANY.

Opinion delivered March 26, 1928.

1. MECHANICS' LIENS—NECESSITY FOR CONTRACT WITH OWNER.— Where the owner of a lot did not contract for material ordered by her husband for use in constructing a building thereon, in the absence of a showing of authority of the husband to act as agent for his wife, a materialman was not entitled to a lien under Crawford & Moses' Dig., § 6906, requiring that the lien of material furnisher or laborer must be under or by virtue of contract with owner or agent.

2. MECHANICS' LIENS—NOTICE OF LIEN.—Failure of a materialman to serve the ten-day notice required by Crawford & Moses' Dig., § 6917, on the owner of a lot is a complete defense to a suit to foreclose a materialman's lien.

3. MECHANICS' LIENS—WAIVER OF DEFENSE AS TO NOTICE.—A question as to a materialman's failure to give ten days' notice before filing the lien as required by Crawford & Moses' Dig., § 6917, is waived unless raised in the trial court.

Appeal from Pulaski Chancery Court; *Frank H. Dodge,* Chancellor; reversed.

*Terry & Morrow,* for appellant.

*John D. Shackleford,* for appellee.

McHANEY, J. This is a suit by appellee to foreclose a materialman's lien on lot 17, block 1, Riffel & Rhoton's Forest Park Highlands Addition to the city of Little Rock, the property of appellant, Mable Morehart. She was jointly sued with her husband, B. F. Morehart, but she alone is prosecuting this appeal.

On or about the 18th day of February, 1926, B. F. Morehart, who was not at the time living with his wife, Mable Morehart, purchased a bill of lumber from appellee with which to build a house on the above described lot, without any authority from his wife so to do. The material was charged to B. F. Morehart, and was sold and delivered to him, without any consultation with her, and without her knowledge and consent. A short time before the lien expired the agent of appellee asked her for a description of the property, and she gave it to him, and the agent testified that he filed a lien on the lot without giving any notice to her, as provided in the lien statute.

Another agent of appellee testified that, after about 20 months after the sale of the material, and after suit had been filed and judgment entered against the defendants, he went to appellant and offered to sell the property back to her for $50 cash and the balance on monthly payments, and that she offered $5 a week. Appellant testified that she was the owner of the property in her own right, and that she and her husband were not living together at the time the lumber was purchased; that the first she knew of the lumber being purchased was on returning home from work, she saw the lumber on the lot; she got in touch with her husband, and was advised that he had bought the lumber; that she told him she didn't want a house on her property, and he said that it didn't make any difference what she wanted—that he was going to build a house, and that he would pay for it. She also testified that she telephoned the office of appellee and directed them to get the lumber off of her lot, that she didn't want a house there. She later moved into the house with her husband, where she lived for about three months, and separated again, and has not lived in the house since; that it is worth about $50; that she didn't want it, but wanted the lumber company to move it. She also testified that she was not served with a notice before the lien was filed, and that she had never given her husband authority to have a house built, or to improve her property in any way.

The court entered a decree foreclosing the lien in the sum of $137.63, directed the property to be sold, and same has been sold, at which sale appellee became the purchaser.

We think the decree of the chancery court is wrong. In the first place, there was no contract between appellee and the owner of the lot, or her agent, for the purchase of said material, as provided by § 6906, C. & M. Digest. In order for a material furnisher or laborer to have a lien upon the property, it must be "under or by virtue of any contract with the owner or proprietor thereof, or his agent," etc. This is the plain language of the statute. It is admitted that appellee had no contract with appellant for the furnishing of this material. It is undisputed that the contract was with the husband of appellant, and it is nowhere shown that he was the agent of appellant, with authority to bind her in the purchase of this material. The fact that she saw the material on the lot and knew that her husband was building this house is not sufficient to imply a contract on her part to pay therefor, and there is no testimony in the record to show that she ever agreed to pay for it. There is no allegation in the complaint that B. F. Morehart was the agent of appellant, and there was no proof sufficient to establish this agency.

In the case of *Hoffman* v. *McFadden*, 56 Ark. 202, 19 S. W. 753, 35 Am. St. Rep. 101, this court decided the exact questions now under consideration against the contentions of appellee here. It was there held that, under the statute creating a lien for work done or materials furnished in making improvements on real property, the lien exists only where the labor is performed or materials furnished under a contract, express or implied, with the owner of the land, or with his agent, trustee, contractor or subcontractor, and that the husband has no power to make a contract to improve his wife's property so as to create a mechanic's lien thereon, unless he had the power and authority to contract for her as her agent; and it was further held that such authority cannot be implied because of

the relation of husband and wife, or from the fact that he assumes to manage her real estate, nor could the agency be inferred because of her knowledge that he is causing improvements to be erected upon her property. In that case, quoting the language of the court, "the building erected was located only about 40 feet from a house occupied by the defendant and her husband. She witnessed the progress of the work, and gave some directions to the carpenters as to the manner of executing it. Her husband had expressed a desire to have the building so constructed that she would be pleased with it, and one of the witnesses testified that 'she was present every day, and had the work done to suit her.' But it is not shown that she manifested any greater interest in the improvement than a wife would usually take in the building of a house upon land belonging to her husband and put up so near to the place of her residence. Nor does it appear that there was any greater deference to her wishes in the plan of the house than is commonly shown by a husband in causing a similar work to be done at his own expense. The contract for the work was made with the husband, and the labor of the carpenters was all paid for by him. All the materials purchased from the plaintiff and others were procured on the husband's order, and, for aught that appears to the contrary, they were sold entirely on his personal credit. The defendant testified that she objected to the erection of the house for reasons which she states; and in this respect her testimony is supported by that of two other witnesses. She also states that her husband was not authorized to act as her agent, and that she was not consulted about the contract for the improvement, and had no knowledge of its terms."

The facts in the above case are very much stronger against the wife than those in the present case, as will clearly be seen from the statement of facts heretofore made.

In the second place, there was no notice served upon the wife, as provided by § 6917, C. & M. Digest. This statute requires the giving of ten days' notice before

the filing of the lien to the owner or his agent, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due, and providing that it may be served by any officer authorized by law to serve process in civil actions, or by any person who would be a competent witness. This court has held that this statute must be substantially complied with. (*Conway Lbr. Co.* v. *Hardin,* 119 Ark. 43, 177 S. W. 408), and that the ten days' notice must be given. *Doke* v. *Benton Lbr. Co.,* 114 Ark. 1, 169 S. W. 327, 52 L. R. A. (N. S.) 870. But the question is waived unless raised in the trial court. *Whitcomb* v. *Gans,* 90 Ark. 469, 119 S. W. 676.

In this case, however, the answer raised this defense, and alleged that no notice had been given appellant of appellee's claim of lien. This is a complete defense to the action, even though B. F. Morehart might be said to be the original contractor for his wife in erecting such house. Appellee, not having made any contract with appellant for the furnishing of material, but, with her husband, even conceding him to be his wife's contractor, would be required, under the law, to give the ten days' notice before filing its lien on her property.

For the errors indicated the judgment will be reversed, and the cause remanded, with directions to dismiss the complaint as to appellant, Mable Morehart, for want of equity. It is so ordered.