MASAHARU KAGOSHIMA *v.* JUDY KAIMI, ALSO KNOWN AS JUDY LEWIS, ANNIE ADAMS, ALSO KNOWN AS ANNIE KAHINAWEAULANI ADAMS, AND THE LIBERTY BANK OF HONOLULU, AN HAWAIIAN CORPORATION.

No. 2718.

ARGUED APRIL 18, 1949.                    DECIDED MAY 7, 1949.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE MOORE IN PLACE OF CRISTY, J., DISQUALIFIED.

OPINION OF THE COURT BY KEMP, C. J.

The plaintiff in error, Annie Adams, one of the defendants below, seeks a review and reversal of a judgment of the circuit court in favor of the plaintiff in an action in assumpsit and to enforce a mechanics' and materialmen's lien.

The plaintiff in his complaint alleged in substance, among other things, that at the request of and by contract with Judy Kaimi, also known as Judy Lewis (hereinafter called Judy Lewis), who acted with the approval, acquiescence and consent of said Annie Adams, he, the plaintiff, repainted the entire interior of the house located upon the described real property, refinished the entire floor area of said house and did miscellaneous carpentry; that he furnished the labor and materials for such repair, repainting and refinishing of said house between July 24 and August 18, 1947; that the fair and agreed value of said labor and materials so furnished was the sum of $2,002.75; that heretofore on October 2, 1947, he filed in the office of the clerk of the circuit court of the first judicial circuit a duly verified notice of mechanics' and materialmen's lien and demand for payment; that on the 7th day of October, 1947, he filed in the office of the said clerk an amendment to said notice and demand for payment and that said amendment added to the description of said real property the words "and covered by Transfer Certificate of Title No. 14,767 issued to Annie Kahinaweaulani Adams"; that at the time of filing said notice and demand, as aforesaid, forty-five days had not yet elapsed since the completion

of said work; that true copies of said notice and demand for payment and of said amendment to said notice and demand for payment were duly served upon each of the defendants herein immediately after filing of the originals thereof, as aforesaid, but said defendants have failed, neglected and refused to pay the said sum or any part thereof, and the whole of said sum is now due, owing and unpaid.

The prayer was for judgment to the extent permitted by law against the defendants and each of them for the amount claimed and that the claim be adjudged to be a lien upon the aforesaid land and building, etc.

In response to the notice of lien and demand for payment the defendant Annie Adams filed an answer in which she denied each and every material allegation in said notice contained.

In answer to the complaint the defendants Annie Adams and Judy Lewis each filed a general denial.

The pertinent statutory provisions are contained in chapter 169, Revised Laws of Hawaii 1945, and particularly in sections 8769 and 8770 of said laws. So much of said sections as appears pertinent follows:

"Sec. 8769. When allowed. Any person or association of persons furnishing labor or material to be used in the construction, repair, alteration of, or addition to any building * * * shall have a lien for the price agreed to be paid for such labor or material (if it shall not exceed the value thereof) upon the building * * * as well as upon the interest of the owner of such building * * * in the land upon which the same is situated."

"Sec. 8770. Filing notice, contents, duration of lien. The lien provided in section 8769 shall not attach unless a notice thereof shall be filed in writing in the office of the clerk of the circuit court where the property is situated and a copy of the notice be served upon the owner of the

property. The notice shall set forth the amount of the claim, the labor or material furnished, a description of the property sufficient to identify the same, and any other matter necessary to a clear understanding of the claim. * * * The notice shall be filed not later than forty-five days after the date of completion of the construction, repair, alteration of or addition to the building * * * against which it shall have been filed and in the event title to the land involved is registered in the land court, a duly certified copy of the notice must be filed with the assistant registrar of the land court within five days after the same is filed with the clerk of the circuit court.

"The lien shall continue for sixty days after the completion of the construction, repair, alteration of or addition to the building * * * against which it shall have been filed unless proceedings are commenced within said time to collect the amount due thereon by enforcing the same.

"Date of completion, notice of. Where the amount involved in the furnishing of labor or material used in the construction, repair, alteration of or addition to any building * * * exceeds the sum of one thousand dollars, the term 'date of completion' as used in this section shall be deemed to mean the time when the owner of the property or the contractor for said work shall complete publication of a notice that the construction, repair, alteration of or addition to the building * * * involved has been completed and shall file a copy of such notice in the office of the clerk of the circuit court where the property involved is situated * * *."

At the inception of the trial the then attorney for the plaintiff in error joined with the attorney for Judy Lewis in a stipulation that the notice of mechanics' lien filed herein by the plaintiff was duly filed and in due form. Counsel for the plaintiff therefore produced no evidence either documentary or otherwise of the notice, its filing

or contents.

At the conclusion of the trial, jury waived, the court interrogated counsel as to the issues to be decided, whereupon the following colloquy occurred:

"THE COURT: There is no flaw in the legality of the notice of mechanic's lien. It is a question whether it is a validly imposed lien.

"MR. GILLILAND: [counsel for Annie Adams] Yes.

"MR. CHOY: [counsel for plaintiff] And the other issue is as to the personal liability of Judy Lewis and Annie Adams or either of them. Now there is a stipulation to take care of the first issue, namely, that the lien has been properly filed, and proved, so far as the foreclosure of that lien is concerned, and evidence has been adduced sufficiently to bear out the plaintiff's burden of proof by a preponderence of the evidence, also by the stipulation, and by the admissions of Judy Lewis on the stand. * * *

"MR. TSUKIYAMA: [counsel for Judy Lewis] Well, I agree with counsel to the extent of his statement that the proceedings involved the giving of the notice of a lien, and that it was done in accordance with law."

Thereupon the court announced the following findings of fact: "Now in this case, let me clarify,—and, Mr. Reporter, if you will take this down as part of my findings of fact, so that we can apply the law:

"The Court finds from the undisputed facts that the plaintiff in the case furnished labor and materials that went into the structure on the land described in the complaint, to the reasonable value of the amount set forth, in the complaint, to-wit, $2,002.75.

"The Court further finds that that contract, in the first instance, by which the contractor went forward and performed the work was made between himself and the person described as Judy Kaimi, also known as Judy Lewis.

"The Court further finds that at the time that that con-

tractural relationship was entered into between himself and Judy Kaimi, or Judy Lewis, the latter had absolutely no legal or equitable interest in the property in question, but that she was permitted to go forward with incurring this improvement and soliciting this work to be done with the knowledge and consent of Mrs. Adams, the real owner of the property. That thereafter, while the work was being performed, the defendant, Mrs. Adams, the owner of the property, knew of, acquiesced in, and permitted the work to go forward without informing the contractor of her ownership, or of any refusal on her part to permit such work to be performed on her structure."

At this point, after further discussing the problems presented with counsel for all of the litigants, the court announced the following findings and conclusion:

"Well, supplementing what I have already stated as findings, the Court further finds that Mrs. Adams knew that Judy Lewis was proceeding to hold herself out as the owner, when Judy Lewis was not the owner in any sense. That she permitted the course of conduct; that under the entire evidence it justifies the finding that Judy Lewis was proceeding with the knowledge and consent to act as the agent of an undisclosed principal, that situation of agency arising under circumstances in which it was the duty of the owner to deny it, and to put the contractor on notice that the person whom he was dealing with had no authority whatsoever to deal with the problem, failing which she is estopped at the present time to deny the fact that she was the principal behind the scene, and that when that fact became known to the contractor he had a perfect right to proceed to enforce a mechanic's lien against the interest of the owner so benefitted by the implied contract on one side, or by the rule of direct contract by an agent for her as undisclosed principal.

"Upon such findings and conclusions the Court will

give judgment for the plaintiff against Mrs. Adams, and enforcement of the mechanic's lien, and dismiss the action as far as Judy Lewis is concerned. A summary decision to that effect will be signed upon presentation."

Following the foregoing findings and conclusion, a written decision, containing the substance of the findings announced by the court, was filed on January 26, 1948. Pursuant to said written decision, a judgment in conformity therewith was entered on March 10, 1948, in said cause and on the same day a writ of execution was issued commanding the officer to levy it upon the real property described in the "foregoing judgment and Decree of Foreclosure."

On April 13, 1948, Annie Adams, appearing by counsel other than the counsel who represented her at the trial, filed three motions as follows:

1. A motion to quash the execution issued March 10, 1948;

2. A motion to set aside the judgment and decree of foreclosure of mechanics' and materialmen's lien entered March 10, 1948; and

3. A motion to set aside the decision filed January 26, 1948.

On April 27, 1948, the court granted the motion to quash the execution and motion to set aside the judgment and decree of foreclosure and denied the motion to set aside the decision.

On April 26, 1948, an amended judgment and foreclosure of mechanics' and materialmen's lien, pursuant to the decision of January 26, 1948, was entered and execution issued thereon.

The plaintiff in error has assigned twenty-six errors and states in her opening brief that she "relies on all the assignments of error, twenty-six in number, but we believe that for the purpose of discussion and argument we

can condense them under a few heads, as we go along."

Only three of the twenty-six errors assigned are mentioned in the argument. They are 2, 7 and 17 and are as follows:

2.

"The evidence and the findings of fact cannot in law support a judgment based on an express contract, an implied contract, an estoppel against Plaintiff in Error, or that Plaintiff in Error was an undisclosed principal."

7.

"That the Court erred in entering judgment against the Plaintiff in Error because the decision and the evidence do not justify it."

17.

"The Court erred in finding that the mechanics' and materialmen's lien properly attached to the premises of the Plaintiff in Error."

We shall first consider assignment 17.

The record discloses that title to the land involved is registered in the land court; that the notice of lien was filed in the office of the clerk of the circuit court on October 2, 1947, and served on the defendants on October 4, 1947; that an amendment of said notice of lien was filed in the office of the clerk of the circuit court on October 7, 1947, and served on the defendants on October 8, 1947; that duly certified copies of the notice and the amendment thereof were filed with the assistant registrar of the land court on October 11, 1947. The argument of plaintiff in error contains the following propositions:

That before a mechanics' lien can attach to property the statute must be fully complied with, including the filing of a notice of lien in the office of the clerk of the circuit court within forty-five days after the completion of the work; that a copy thereof must be served on the owner and, if the land involved is registered in the land court,

a certified copy of said notice must be filed with the assistant registrar of the land court within five days after the same is filed in the office of the clerk of the circuit court. The plaintiff in error argues that the foregoing requirements must be strictly complied with and cannot be waived.

The only defect claimed in the filing and service of the notice of lien is the failure to file a certified copy thereof with the assistant registrar of the land court within the prescribed time.

The defendant in error relies upon the stipulation of the parties hereinabove set forth as constituting a waiver of any defect in the filing or registration of the notice of lien.

First, as to the spirit in which the statute is to be construed. In *Wong Wong* v. *Skating Rink,* 24 Haw. 181 at 189, the court said: "We agree with the reasoning in the case of *Baldwin* v. *Spear Bros.,* 64 Atl. (Vt.), 235, wherein the court said: 'The object of the statute creating mechanics' liens is security. The lien is purely statutory, and, if established, effects a preference. The person asserting it, therefore, should be held to a reasonably strict compliance with the statutory requirements. *Piper* v. *Hoyt,* 61 Vt. 539, 17 Atl. 798. But the statute is a useful one and should not be so strictly construed as to defeat its purpose, or to render it impossible in the ordinary course of business for one entitled to secure its benefits. A substantial compliance with its terms is all that is required, and nicety of form is not essential. 2 Jones, Liens, § 1391. The object of the memorandum required to be filed in the clerk's office is to give notice to the owner and persons dealing with the property that it stands charged with the payment of the bills for labor and material which went into it under such a contract as entitled the claimant to his lien. * * *' "

In *Lewers & Cooke* v. *Wong Wong,* 24 Haw. 39 at 43,

the court said: "It is contended that a demand, though required by statute to be made, is a matter for the benefit only of the owner and may be waived by him, and that demand was waived by the owners in this case by their failure to demur on the ground of the absence of an allegation of demand and the filing of an answer denying all liability. A liberal construction of the statutory requirement would require a holding that demand may be waived by the owner, but we are unable to sustain the contention that a failure to demur and the filing of an answer of general denial constitutes a waiver."

In *Lewers & Cooke, Ltd.* v. *Wong Wong*, 22 Haw. 765 at 768, this court said: " 'The nearest approach to a general rule which can be safely laid down would seem to be that the remedial portions of mechanic's lien statutes should be liberally construed, but that the other parts, those upon which the right to the existence of a lien depends, being a derogation of the common law, should be strictly construed.' * * * 'The statute upon the subject is remedial in its nature, and while courts require a strict compliance with all that the statute prescribes for the completion or perfecting of the lien, and cannot by construction supply any failure or omission upon the part of the claimant, and to this extent may be said to place a strict construction upon the statute, as being an innovation upon the common law, yet when the mechanic has done all that it is necessary for him to do, has performed the work or supplied the material, and perfected his lien therefor in the prescribed mode, the duty of the courts is to see that those whom the law intended to protect shall enjoy the advantages which it confers.' *Bristol, etc., Co.* v. *Thomas*, 93 Va. 396, 400. 'And this liberal construction applies to the subject-matter—that is, the property to which the lien attaches and against which it may be enforced.' *Nanz* v. *Park Co.*, supra." [103 Tenn. 297.]

If a demand for payment may be waived by the owner, certainly the filing of a certified copy of the notice of lien within the time prescribed by the statute may also be waived.

*Morehart* v. *A. B. Beeler Lumber Co.,* 176 Ark. 818, 4 S. W. (2d) 29, 30, supports the claim of waiver. In that case there was no notice of claim served upon the owner of the land before the filing of the lien as required by statute. The court stated that the statute in question "requires the giving of a ten-day notice before the filing of the lien to the owner or his agent, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due, and providing that it may be served by any officer authorized by law to serve process in civil actions, or by any person who would be a competent witness." The court referred to and adopted former decisions holding that the statute must be substantially complied with [authorities], that the ten-day notice must be given [authorities], and that the question is waived unless raised in the trial court [authorities].

We need not hold, as did the Arkansas court, that failure to raise the question in the trial court constituted a waiver, for, as we have already seen, the interested parties stipulated in open court that the notice of lien was duly filed and in due form. The due filing of the notice of lien requires the filing of a certified copy of said notice in the office of the clerk of the circuit court with the assistant registrar of the land court within the time prescribed by the statute. The certified copy was filed with the assistant registrar of the land court but was not filed within the time prescribed by the statute. The stipulation of the parties cured the defect.

Assignments of error numbers 2 and 7 will be considered together.

The uncontroverted evidence is that Judy Lewis alone negotiated the agreement with the contractor for the furnishing of the labor and material for which the lien is claimed and the contractor was led to believe, by the representations of Judy Lewis, that she was the owner of the building and premises involved and it was only after completion of the job that he learned that Annie Adams was the owner. However, the trial judge found, from conflicting evidence, that in negotiating the agreement with the contractor Judy Lewis was acting as the agent of Annie Adams, her undisclosed principal. If there is substantial evidence, more than a mere scintilla, to support that finding neither of the above assignments of error can be sustained, for, upon a writ of error this court is not at liberty to reverse any finding of fact depending on the credibility of witnesses or the weight of evidence. We must, however, consider whether there is sufficient evidence, more than a mere scintilla, to support the finding of fact made by the trial judge. (*Holstein* v. *Benedict,* 22 Haw. 441; *Nawahi* v. *Trust Co.,* 31 Haw. 958.)

We need not refer to all the evidence tending to support the finding that Judy Lewis was the agent and Annie Adams the undisclosed principal. It will be sufficient to refer to the evidence of Judy Lewis, who testified that she talked over the proposed renovating and repairing of the house with Mrs. Adams before the contractor was authorized to do the work; that in response to questions she told Mrs. Adams what repairs were contemplated and the estimated cost thereof and that Mrs. Adams said, "Go right ahead." The court's finding of fact is in accord with the evidence of Judy Lewis.

The judgment is affirmed.

*F. Schnack* and *H. C. Schnack* (*F. Schnack* on the briefs) for Annie Adams, plaintiff in error.

384

*H. Y. C. Choy* (*Fong, Miho & Choy* on the brief), for Masaharu Kagoshima, defendant in error.