## P. H. Reynolds v. Marie C. Clapper and/or Francis and Nancy Clapper

[318 A.2d 173]

No. 80-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

Motion for Reargument Denied April 15, 1974

*C. N. Monaghan, Esq.,* St. Albans, for Plaintiff.

*Stackpole & Amidon,* Stowe, for Defendants.

**Keyser, J.** The plaintiff performed labor and furnished materials for improvements to a building on property owned by defendant Marie Clapper located in the town of Fletcher. He filed notice of a contractor's lien in the Fletcher land records on January 17, 1972, as provided by 9 V.S.A. § 1921. He filed an amended notice of lien on February 13, 1972, to add the names of Francis and Nancy Clapper who appeared to have some interest in the property. Notice of the lien was given by mail to the defendants in each instance.

Subsequently on June 8, 1972, the sum due not having been paid, the plaintiff brought a civil action under 9 V.S.A. § 1924 to enforce his lien and duly attached defendants' real estate on June 15, 1972. The writ was filed with the clerk of Franklin County Court on July 7, 1972. It is apparent from what record we have before us that personal service was not possible within or outside the state. Plaintiff's statement of facts indicates he took certain steps to comply with V.R.C.P. 4(f) relating to service by mail. However, there are neither findings as to what they were nor an affidavit filed with the court setting forth his efforts to obtain personal service.

The court called the matter on for hearing on March 29, 1973. The defendants did not enter an appearance in the

action and were not present at the hearing or represented by counsel. No evidence was introduced and there is no record of what transpired between the court and plaintiff's counsel, or any findings. The court on its own motion issued an order on April 2, 1973, dismissing plaintiff's action, and the plaintiff appealed. The defendants filed an appearance in the case in this Court and filed a brief in support of the lower court's decision.

The order of dismissal was grounded on the failure of the plaintiff to (1) complete service on the defendants either under V.R.C.P. 3 or 4(f), and (2) to institute suit and attachment within three months of filing notice of lien pursuant to 9 V.S.A. § 1924.

This action of the court was impermissible under V.R.C.P. 3 which provides that "[I]f service is not timely made or the complaint is not timely filed, the action may be dismissed on motion and notice." The only authority for the court to dismiss an action on its own motion is where the action has been pending two years. V.R.C.P. 41(b). Accordingly, the order of the court requires reversal.

V.R.C.P. 4(f) provides that:

> [S]ervice by registered or certified mail shall be complete when the registered or certified mail is delivered and the return receipt signed or when acceptance is refused, provided that the plaintiff shall file with the court an affidavit setting forth the efforts made to obtain personal service and either the return receipt or, if acceptance was refused, an affidavit that upon notice of such refusal a copy of the summons and complaint was sent to the defendant by ordinary first-class mail.

The plaintiff did not file an affidavit as required by the foregoing rule or file a motion for service to be made by publication under V.R.C.P. 4(g). However, it appears in plaintiff's brief that he took action pursuant to V.R.C.P. 4(f) to make service on the defendants, but a full record of these facts is not before us for consideration although they appear to have been before the court below in the informal hearing with plaintiff's counsel. The plaintiff states in his brief that an affidavit had been executed but was not filed with the court as he intended to show compliance with the rule as a matter of evidence upon trial.

Since remand is necessary the ends of justice require that the court, in its sound discretion, grant plaintiff the opportunity to file the affidavit required by V.R.C.P. 4(f) within a time certain and, if service is found to be insufficient, that further service be ordered in accordance with V.R.C.P. 4.

The appellees in their brief, as well as the court, further support the dismissal of the case on the ground that the plaintiff failed to institute his action within the three-month period after filing his notice of lien as mandated by 9 V.S.A. § 1924. The order and appellee each cite *Piper* v. *Hoyt,* 61 Vt. 539, 17 A. 798 (1889), in support of this contention. Whether the plaintiff failed to bring his action in compliance with § 1924 is a matter of proof by the plaintiff on remand.

The provision to enforce a lien under § 1924 contemplates an action at law. This intention of the statute is manifested by the requirement that an attachment of property is to be made as an incident to the proceeding. The judgment obtained in such action is founded on a contract. *Goodro* v. *Tarkey,* 112 Vt. 212, 215, 216, 22 A.2d 509 (1941). The object of the statute is security and the effect is a preference not available in an ordinary contract action.

If the court determines that the attachment in this case was more than three months after the lien was filed and the debt was due when the lien was filed, the attachment was too late to preserve the lien. *Piper* v. *Hoyt, supra,* 61 Vt. at 540. The action, however, does not necessarily abate because of a lack of adherence with the time factor. The writ could have issued as well without the statute (now § 1924), in common with other creditors. *Id.*

In *Piper* the plaintiff brought suit in assumpsit to recover the amount due for work done on defendant's house and to perfect a mechanic's lien for the same. The trial court rendered judgment in favor of the plaintiffs for the amount reported but refused to charge the same as a mechanic's lien. The plaintiffs appealed to Supreme Court that part of the judgment vacating the operation of the lien. This Court found no error in the ruling and affirmed the judgment.

*Goodro* v. *Tarkey, supra,* 112 Vt. at 217, held:

Since the form of an action may be the same regardless of whether it seeks a judgment *in personam* or *in rem* [citing cases] what we have said above does not

contradict the holding in *Piper* v. *Hoyt, supra,* to the effect that a lien claimant who was in privity with the owner of the property—as he had to be under the then existing law—and who failed to meet a requirement of the lien law in bringing his action might obtain a personal judgment therein, but the action would be ineffective for the purpose of enforcing the lien.

The appellees' contention that plaintiff's action was properly dismissed for lapse of time between the filing of the lien and institution of the suit is without merit. The trial court erroneously ordered dismissal of the action on this ground.

The cause will be remanded for such further action as to the plaintiff shall seem meet.

*Order of dismissal reversed and cause remanded.*