### Filter Equipment Co., Inc. v. International Business Machines Corporation

[458 A.2d 1091]

No. 82-024

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1983

*James W. Runcie* of *Downs Rachlin & Martin,* South Burlington, for Plaintiff-Appellant.

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Defendant-Appellee.

**Larrow, J.** (Ret.), Specially Assigned. Plaintiff furnished materials to defendant IBM's subcontractor for incorporation into a building being constructed by IBM. Before the last shipment to the project, it filed notice of a claimed contractor's lien under 9 V.S.A. § 1923, and exactly three months after the date of last shipment it filed its action in Chittenden Superior

Court against IBM and the subcontractor, under 9 V.S.A. § 1924, seeking to enforce its lien and asking for attachment of IBM's realty. The motion for attachment was set for hearing, continued, and then later denied on the ground that the lien had lapsed for lack of perfecting. The ruling is an appealable final judgment under V.R.C.P. 54(b) because the action was dismissed as to the subcontractor, and effectively terminated as to IBM because no direct contractual liability by it to the plaintiff is claimed. Cf. *Goodro* v. *Tarkey,* 112 Vt. 212, 217, 22 A.2d 509, 512 (1941).

The issue presented is a direct one. Under 9 V.S.A. § 1924 and V.R.C.P. 4.1(b), as amended, is approval and service of a nonpossessory writ of attachment within the prescribed three-month period required to perfect a contractor's lien, or is filing of the action, with motion for such approval, a sufficient statutory compliance?

The precise issue has its root in the 1979 amendment to V.R.C.P. 4.1, requiring (except in extraordinary circumstances not here pertinent) a hearing before issuance of a writ of attachment, possessory or nonpossessory, of either real or personal property. That amendment met the requirements of 12 V.S.A. § 3295 (Act No. 254 of 1977 (Adj. Sess.), effective April 19, 1978), engendered in turn by *Fuentes* v. *Shevin,* 407 U.S. 67 (1972), and its progeny. Cf. *Terranova* v. *AVCO Financial Services of Barre, Inc.,* 396 F. Supp. 1402 (D. Vt. 1975). The three-judge court in *Terranova* held the procedural requirements now set out in V.R.C.P. 4.1 to be constitutionally mandated by the due process clause of the Fourteenth Amendment.

The statutory provision governing the time for commencing plaintiff's action here is found in 9 V.S.A. § 1924. The action is to be commenced within three months of filing a memorandum of lien in the town clerk's office of the town where the real estate is located, if payment is due at the time of filing, or, if the payment is not then due, within three months from the time payment becomes due. Unless otherwise provided, the date of completion is the due date. *Piper* v. *Hoyt,* 61 Vt. 539, 17 A. 798 (1889). The pertinent words of the statute involved here are that the plaintiff "may com-

mence his action for the same, and cause such real estate or other property to be attached thereon." The resulting judgment, when obtained, has the force of a mortgage, and a right of foreclosure for nonpayment. 9 V.S.A. § 1925. We have consistently held, before the 1979 amendment to V.R.C.P. 4.1 and the 1978 addition of 12 V.S.A. § 3295, that the property involved must be actually attached within the three-month period, and that it is not enough that the suit be merely commenced. *Reynolds* v. *Clapper*, 132 Vt. 188, 318 A.2d 173 (1974); *Goodro* v. *Tarkey, supra; Piper* v. *Hoyt, supra.* Plaintiff would have us abandon these holdings, citing "practical considerations." We are not so persuaded.

■ It is, of course, true that the requirement for hearing and order of approval dictates that the action at law be commenced somewhat earlier than the last day, as was here the case. Increased diligence is required of a plaintiff's attorney. But it is not by any means a feat impossible of performance. It was, in fact, accomplished by other claimants under the same construction contract. And the required order may issue from any superior or district judge. V.R.C.P. 4.1(b)(1); 12 V.S.A. § 3295. Under the rule, a five-day notice is required before hearing. Unavailability of *any* judge for the indicated purpose is not, in our view, a likely contingency. And, we find some merit in defendant's contention that interpreting the statute to permit the mere filing of an action to extend the effective lien created by the recording of the memorandum in the town clerk's office, for an indefinite period, might well trigger the due process considerations which gave rise to *Terranova.* The recorded memorandum, even without attachment, has a practical effect upon alienation, in that disclosure is required, 9 V.S.A. § 1922, and a cloud upon title created.

■■ Nor can it be said that the situation in which plaintiff finds itself was either unforeseen or unpredictable. The Reporter's Notes to the 1979 Amendment of V.R.C.P. clearly state:

One result of the change is that the real estate attachment required under 9 V.S.A. § 1924 to perfect a mechanic's lien must now, like other real estate attachments, be on motion and notice under the rule. *Attorneys should*

*take care to commence actions on such liens in ample time* to permit completion of the attachment within the three-month period provided by the statute after the filing of notice of the lien. *Otherwise, under the statute the lien will be lost.* (Emphasis supplied.)

As the Foreword to the Rules of Civil Procedure indicates, the Notes are not binding upon the Court, but they reflect deliberations of the Advisory Committee, are before the Court before promulgation, and have a persuasive effect similar to that of legislative history in determining the meaning and intent of particular provisions. V.R.C.P., *Foreword,* p. xiv. Present the quoted note, there can be little doubt that the Court had no intent to change the case law requirement for perfecting an attachment within the statutory period to continue the effectiveness of the lien memorandum as filed. We perceive no real difference between the instant case and the unfortunate situation where attachment fails through fault of the officer to whom service is entrusted. Additional diligence may be required to achieve the desired result, but neither the Legislature nor this Court has indicated any purpose to lessen the imposed burden. Adherence to the statute, as interpreted for almost a century, and to the rule, is a requisite to preserving the statutory lien. The trial court correctly denied the motion for attachment.

*Judgment affirmed.*