**Nathan WARDWELL and Shannon Wardwell, Debtor–Appellants,**

v.

**Paul METILLY, Creditor–Appellee.**

No. 2:00–CV–90.

United States District Court,
D. Vermont.

July 25, 2000.

Michael Roland Kainen, Law Office of Michael Kainen, White River Junction, VT, for Nathan Wardwell, Shannon Wardwell, appellants.

Kevin J. Purcell, Office of U.S. Trustee, Albany, NY, trustee.

Ray Obuchowski, Obuchowski & Ries, Bethel, VT, Chapter 7 Trustee.

*OPINION AND ORDER*

SESSIONS, District Judge.

This case is on appeal from the U.S. Bankruptcy Court for the District of Vermont. On February 8, 2000, Judge Robert L. Krechevsky denied Appellants Nathan and Shannon Wardwell's ("Wardwells") motion to avoid a mechanics lien on their home filed by Appellee Paul Metilly ("Metilly"). For the reasons stated below, the Court hereby REVERSES Judge Krechevsky's denial of the motion to avoid the lien.

Briefly, the relevant facts are as follows. Metilly d/b/a Paul's Heating Service worked on the Wardwells' heating system in their home at 61 Olive Street, Springfield, Vermont. Upon the Wardwells' failure to pay for his services, Metilly filed a mechanic's lien against their property on September 8, 1998. On August 10, 1999, Metilly filed a small claims action against

the debtors in Windsor Superior Court. The parties entered into a stipulation on September 1, 1999 by which the Wardwells agreed that they owed Metilly $2405.52. The Windsor Superior Court issued an Order on September 3, 1999 in favor of Metilly and obligated the Wardwells to pay the full judgment amount in accordance with the stipulation. In November 1999, prior to final resolution as to the amount of the installments to be paid, the Wardwells filed for bankruptcy protection. The Wardwells then filed a motion seeking to avoid the lien pursuant to 11 U.S.C. § 522(f). Judge Krechevsky denied the motion, and the Wardwells appealed to this Court.

The issue raised in this appeal is whether a mechanic's lien as defined under Vermont law is a judicial lien subject to an avoidance action under Bankruptcy Code § 522(f). If the mechanic's lien in this case remained a statutory lien as defined in 11 U.S.C. § 101(45), it is not avoidable. Conversely, if the mechanic's lien became a judicial lien upon Metilly's obtaining judgment, that lien is subject to avoidance.

 However, this Court need not address the ultimate issue of whether mechanics' liens in Vermont are statutory liens or become judicial liens upon perfection. In Vermont, mechanic's liens are authorized in 9 V.S.A. § 1921(a):

> When a contract or agreement is made, whether in writing or not, for erecting, repairing, moving or altering improvements to real property or for furnishing labor or material therefore, the person proceeding in pursuance of such contract or agreement shall have a lien upon such improvements and the lot of land on which the same stand to secure the payment of the same.

The statute then requires that notice of a mechanic's lien must be filed with the Town Clerk if the contractor seeks to have the lien extend beyond 120 days from the time when payment became due for the last of the labor performed. 9 V.S.A. § 1921(c). Moreover, pursuant to § 1924 of Title 9, the contractor must file an action to perfect the lien within three months from the filing of the lien in the town clerk's office. If the action to enforce the lien is not commenced within that three month period, the lien is lost. *Filter Equipment Co. v. IBM Corp.*, 142 Vt. 499, 458 A.2d 1091 (1983).

In the present case, Metilly filed the mechanic's lien in the town clerk's office in September 1998. Payment was due at that time. Metilly waited until August 1999 to file the small claims action in Windsor Superior Court, by which time the mechanic's lien had expired. As a result, no statutory lien existed at the time of the filing of the complaint and judgment. Any lien against the property would therefore be a judicial lien and avoidable.

Wherefore, the Court hereby RE-VERSES the decision of the U.S. Bankruptcy Court denying Debtor–Appellant's Motion to Avoid the Lien and REMANDS for an order consistent with this opinion.