CPI Controls, Inc. v. IBM, No. S0483-02 CnC  (Katz, J., Jan. 27, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

CPI CONTROLS, INC.

v.

INTERNATIONAL BUSINESS MACHINES
CORP., COMMERCIAL PIPING, INC. AND
FLUOR ENTERPRISES, INC.

ENTRY

This case is about CPI's attempt to recover the value of items sold to a customer that were installed in an IBM extension building.  The defendant customer Commercial Plumbing has since gone out of business, leaving CPI, the supplier, to seek damages from the parties who installed and enjoy the use of the valves.  These defendants, Fluor Enterprises and

IBM, seek summary judgment against supplier's claims since they are not supplier's customers and supplier is not a secured creditor.

Supplier (CPI) sold and delivered these industrial valves to its customer (Commercial Piping) for installation on the IBM site at which Fluor was the general contractor. Supplier delivered the valves to the customer at an off-site location and demanded payment. The customer, however, was becoming insolvent. Realizing it could no longer pay for the valves, the customer agreed to return them to the supplier. The supplier came to the customer's site but discovered the valves were no longer there—they had been installed at the IBM plant.

Realizing that it was now out both its price and its valves, the supplier went to Fluor, IBM's general contractor. There is some evidence, albeit disputed, that the contractor orally offered to pay for the valves. Supplier left the valves installed at the IBM site and requested payment, which the contractor refused. Shortly thereafter, supplier filed a Materialman's Lien against the IBM property and filed this action to perfect that lien and enforce its right of payment against defendants.

Supplier's lien against the IBM property site was filed with the Essex Town Clerk on January 22, 2002 in accordance with 9 V.S.A. §§ 1921, 1923. Defendants note that 9 V.S.A. § 1924 limits a recorded lien to three months during which time the filer must perfect her lien through a hearing and judgment. Filter Equip. Co. v. IBM, 142 Vt. 499, 502 (1983). Failure to do so results in the lapse of the lien for failure to perfect. Id. Here supplier recorded its lien on January 22, 2002 but did not file for a hearing until April 23, 2002. By filing on the last day, supplier failed to leave enough time to perfect its lien. Id. This failure to perfect has caused supplier's lien against IBM to lapse.

Supplier does not deny this fact in its response to defendant's motion. Instead, it emphasizes the oral promise to pay that contractor made. Lussier v. North Troy Eng'g Co., 149 Vt. 486, 492 (1988) (oral promise to pay the debts of another is valid if there is new consideration for the promise). Defendants IBM and its general contractor challenge the validity of this promise based on a lack of consideration and argue that as a matter of law such a promise, even if made, cannot be enforced. Id.

When supplier delivered the valves to its customer, it delivered both title and possession, 9A V.S.A. § 2-401(2), reserving no security interest. 9A V.S.A. § 9-203. Being the lawful owner of the valves, the insolvent customer was able to convey them to either its supplier or its general contractor. The question then becomes one of fact. It appears unquestioned that the valves were incorporated into the IBM facility. There is no evidence that the general contractor or IBM stole them, or otherwise acquired them fraudulently. Hence, even though the insolvent may have promised to return them to the supplier, it apparently did not do so.

Having acquired both title and possession and having yielded possession to the general contractor and its principal, IBM, the latter legitimately came into possession. Insolvent customer, Commercial Piping, was in the business of supplying and installing industrial fixtures to construction projects. As such, it was a merchant in the area of such fixtures. 9A V.S.A. § 2-104(1). When supplier entrusted possession of the valves to its customer, a mechanical subcontractor who deals in such valves, it gave the customer "power to transfer all rights of the entruster to a buyer in the ordinary course of business." 9A V.S.A. § 2-403(2).

Having so delivered the valves, without payment, supplier was a

mere creditor of insolvent Commercial Piping. Unless that customer's retention of the goods was fraudulent, the supplier had no right to them. 9A V.S.A. § 2-402. Fraud is never presumed. <u>Lyndonville Sav. Bank & Trust Co. v. Peerless Ins. Co.</u>, 126 Vt. 436, 440 (1967). Here there is no evidence that any party engaged in fraud. There is merely the slide into insolvency, which is the backdrop against which Article 2, Part 4 was limned.

Just as we will not presume that Commercial Piping obtained the valves from the supplier by fraud, so we will not presume that contractor Fluor and IBM obtained them from Commercial Piping other than in the ordinary course of construction projects—delivery to the site and subsequent incorporation into the work. We have been pointed to no evidence overcoming this presumption.

Even though it is now apparent that a claim by CPI for the valves would fail as a matter of law, there is evidence that CPI was unaware of the flaws in its claim when it approached Fluor and IBM to demand the valves. Therefore, if CPI and Fluor did make the alleged oral promise, each gave up what they perceived to be valuable consideration. Such a bargained-for exchange of rights and obligations will not be invalidated merely because one in retrospect turns out to be unenforceable. S. Williston et al., Williston on Contracts § 7:44 at 697–98 (4th ed. 1992); Restatement (Second) of Contracts § 74(1)(b) (1981); see also <u>H.P. Hood & Sons v. Heins</u>, 124 Vt. 331, 337 (1964). Because CPI gave up what it honestly perceived as its right of replevin in exchange for an oral promise to pay, the agreement if proved can be judicially enforceable and becomes an issue of fact as to its existence and terms. <u>Lussier</u>, 149 Vt. at 492

Therefore, defendants' motion for summary judgment is denied. Plaintiff's Materialmen's Lien, however, is deemed lapsed and

unenforcable.

Dated at Burlington, Vermont_____, 2004.


_____
Judge