STATE OF VERMONT

SUPERIOR COURT
Washington Unit

CIVIL DIVISION
Docket No. 244-7-20 Wncv

Stone and Browning Property,
    Plaintiff

v.

Jeffrey S. Belrose,
Kirsten S. Belrose,
    Defendants

DECISION ON MOTION

## The Belroses' Motion to Dismiss

In the complaint, Stone and Browning Property Management LLC alleges that, by contract, it has provided certain property management services related to rental properties owned by Defendants Jeffrey S. Belrose and Kirsten S. Belrose, who stopped, or largely stopping, paying for services rendered in violation of their contractual obligations. Plaintiff then recorded mechanic's liens on the Belroses' properties and initiated this case. Plaintiff claims: breach of contract (count 1); breach of the covenant of good faith and fair dealing (count 2); negligence (count 3); unjust enrichment (count 4); promissory estoppel (count 5); detrimental reliance (count 6); misrepresentation (count 7); perfecting mechanic's liens (count 9); and violation of the Consumer Protection Act (CPA), 9 V.S.A. §§ 2451–2482d (count 10).[1]

The complaint includes few allegations related to the core contract claim and virtually none in relation to the other claims. Based largely on the paucity of allegations, the Belroses have filed a motion seeking Rule 12(b)(6) dismissal for failure to state a claim regarding the following claims: breach of the covenant of good faith and fair dealing (count 2); negligence (count 3); detrimental reliance (count 6); perfecting mechanic's liens (count 9); and violation of the CPA (count 10).[2] Plaintiff opposes dismissal and, despite the paucity of allegations, has not sought to amend the complaint.

The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt'

---

[1] There is no count 8.

[2] To the extent there is any confusion, the court interprets the Belroses' motion to *not* seek dismissal of count 4.

that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309 (citations omitted).

The complaint describes a clear breach of contract claim. Plaintiff alleges that it has provided services to the Belroses that the Belroses have refused to pay for in breach of the parties' contract.

Plaintiff's breach of the covenant of good faith and fair dealing claim appears to be based on the same facts as the breach of contract claim. "[W]e will not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when the plaintiff also pleads a breach of contract *based upon the same conduct.*" *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 54 n.5, 179 Vt. 167. That is the case here. Count 2 is dismissed.

Plaintiff's negligence claim (which evidently is its contract claim with a negligence label) is barred by the economic loss rule, which the Vermont Supreme Court has summarized as follows: "The economic-loss rule prohibits recovery in tort for purely economic losses. The rule strives to maintain a separation between contract and tort law. In tort law, duties are imposed by law to protect the public from harm, whereas in contract the parties self-impose duties and protect themselves through bargaining. Thus, negligence actions are limited to those involving unanticipated physical injury, and 'claimants cannot seek, through tort law, to alleviate losses incurred pursuant to a contract.'" *EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 30, 181 Vt. 513 (citations omitted). Count 3 is dismissed.

Plaintiff's detrimental reliance claim is dismissed. Detrimental reliance may be a component of other claims but it is not an independent claim on its own. To the extent that Plaintiff intends it to be a component of a promissory estoppel claim, such a claim is separately pleaded. Count 6 is dismissed.

Plaintiff's mechanic's lien claim is dismissed for failure to comply with 9 V.S.A. § 1924. Under § 1924, Plaintiff had 180 days from the date of the recording of the lien notices to file suit *and attach the subject properties.* See *Filter Equipment Co. v. International Business Machines Corp.*, 142 Vt. 499, 502 (1983) ("We have consistently held . . . that the property involved must be actually attached within the [statutory timeframe], and that it is not enough that the suit be merely commenced." ). Plaintiff's liens were recorded on February 5, 2020, the statutory timeframe is long over, and there are no attachments. Count 9 is dismissed.

Plaintiff's CPA claim makes no sense. "To establish a consumer fraud claim under the Act, a plaintiff [consumer] must show that the defendant [seller] made a misrepresentation or omission likely to mislead consumers; that the plaintiff's interpretation of the misrepresentation or omission was reasonable; and that the misrepresentation or omission was material in that it affected the plaintiff's purchasing decision." *Jordan v. Nissan N. Am., Inc.*, 2004 VT 27, ¶ 5, 176 Vt. 465. There is no sensible way to interpret the complaint to the effect that Plaintiff in any way was a consumer of anything, that the Belroses were sellers of anything,

or that the Belroses as sellers made any material misrepresentation that affected anything Plaintiff bought.  This claim is dismissed.

To summarize: counts 2, 3, 6, 9, and 10 are dismissed.  The remaining counts are:

Count 1—breach of contract;
Count 4—unjust enrichment;
Count 5—promissory estoppel; and
Count 7—misrepresentation.

Order

For the foregoing reasons, the Belroses' motion to dismiss is granted.



Robert R. Bent,
Judge