Filed 04/09/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION

Case No. 25-CV-01558

Michael Rubalcaba v. Angelita Galarza

Opinion and Order on Motion for *Ex Parte* Order of Attachment

Plaintiff has moved for an *ex parte* writ of attachment to attach to real property owned by Defendant. The Court makes the following determinations.

Pursuant to Vt. R. Civ. P. 4.1, such process may be issued by a court on an *ex parte* basis only in very limited circumstances. Given the one-sided nature of the remedy and due process concerns, such *ex parte* orders are simply not issued as a matter of course but only in "extraordinary circumstances." *See Filter Equipment Co. v. International Business Machines Corp.*, 142 Vt. 499, 501 (1983). The Reporter's Notes to the 1973 amendments to Rule 4.2 underscore that point and advise that: "despite the obvious danger that any defendant notified of trustee process may take steps such as the withdrawal of a bank account, plaintiff must show by 'specific facts' that [such] danger is actually present in the particular case."

To obtain such relief, a plaintiff must make an affirmative showing of its likelihood of success and that either:

(i) there is a clear danger shown by specific facts that the defendant if notified in advance of the attachment will remove from the state or conceal attachable property, leaving insufficient attachable property or other assets to satisfy the judgment; or (ii) there is immediate danger shown by specific facts that the defendant will damage, destroy, or sell to a bona fide purchaser attachable property, leaving insufficient attachable property or other assets to satisfy the judgment.

Vt. R. Civ. P. 4.1(b)(3).

In this instance, while the affidavit accompanying the motion shows Plaintiff has a likelihood of success, it fails to provide "specific facts" from which the Court can make either of the remaining findings noted above. The affidavit identifies the fact that Defendant mentioned she was considering obtaining a mortgage or selling a portion of the property. But that does not suggest that the property is under contract or that it could be sold or encumbered immediately and in advance of a prompt hearing. Nor does the motion explain why the March 2025 contractor's lien does not provide Plaintiff protection in light of the commencement of this lawsuit per Vt. R. Civ. P. 3. 9 V.S.A. § 1924.

Plaintiff may well be able to establish his right to attach certain property of the Defendant, but it must do so at a hearing following notice to the Defendant. The Court will set this matter for a prompt hearing. Given these circumstances, Defendant should also be on notice that any transfers of

property made going forward that leave her with insufficient assets to satisfy potential judgments, may be subject to attack as a fraudulent transfers.

Electronically Signed on April 9, 2025, per V.R.E.F. 9(d)

Timothy B. Tomasi
Superior Court Judge