Filed 05/09/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-01104

---

**Joseph Heim et al v. Anthony Colicchio et al**

---

## ENTRY REGARDING MOTION

Title:           Motion for Writ of Attachment Ex Parte (Motion: 2)
Filer:           Joseph Heim
Filed Date:      March 11, 2025

Plaintiff has moved for an *ex parte* writ of attachment to attach to real property owned by Defendant. The Court makes the following determinations.

Pursuant to Vt. R. Civ. P. 4.1, such process may be issued by a court on an *ex parte* basis only in very limited circumstances. Given the one-sided nature of the remedy and due process concerns, such *ex parte* orders are simply not issued as a matter of course but only in "extraordinary circumstances." *See Filter Equipment Co. v. International Business Machines Corp.*, 142 Vt. 499, 501 (1983). The Reporter's Notes to the 1973 amendments to Rule 4.2 underscore that point and advise that: "despite the obvious danger that any defendant notified of trustee process may take steps such as the withdrawal of a bank account, plaintiff must show by 'specific facts' that [such] danger is actually present in the particular case."

To obtain such relief, a plaintiff must make an affirmative showing of its likelihood of success and that either:

> (i) there is a clear danger shown by specific facts that the defendant if notified in advance of the attachment will remove from the state or conceal attachable property, leaving insufficient attachable property or other assets to satisfy the judgment; or (ii) there is immediate danger shown by specific facts that the defendant will damage, destroy, or sell to a bona fide purchaser attachable property, leaving insufficient attachable property or other assets to satisfy the judgment.

Vt. R. Civ. P. 4.1(b)(3).

In this instance, while the affidavit accompanying the motion shows Plaintiff has a likelihood of success, it fails to provide "specific facts" from which the Court can make either of the remaining findings noted above. Any allegations of potential future actions of the Defendants are purely conclusory.

Plaintiff may well be able to establish his right to attach certain property of the Defendants, but it must do so at a hearing following notice to the Defendants. The Court will set this matter for a hearing.

Plaintiff shall serve the motion for attahment and the notice of hearing on Defendants.

Electronically signed on Wednesday, May 7, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge